7b 568
143 344

## HART and Others *v.* WOODS.

At a public sale of town-lots, a lot was struck off to a person for a certain sum, and a memorandum of the purchase was made at the time, by the clerk of the sale, in the sale-book. *Held,* that the sale was valid under the statute of frauds.

The vendor of the lot so sold afterwards tendered a good conveyance in fee for the lot to the vendee, if he would pay the purchase-money, or allow the same on a note held by him on the vendor. The tender was refused. *Held,* in a suit on the note by the assignee of the vendee, (the assignment having been made after the tender,) that said purchase-money was a legal matter of set-off.

APPEAL from the *Henry* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by *Woods*, as assignee of one *Lewis*, on a sealed note executed by the defendants, *Hart* and others, for the payment of money. The cause was submitted to the Court on the following agreed case:

Nov. Term,
1845.

HART
v.
WOODS.

*Tuesday,*
*December* 9.

The note on which this suit is brought, was given in part payment of the purchase-money of certain real estate in *Henry* county, bought by *Hart* and *Tate*, two of the defendants, of *John Lewis*, the plaintiff's assignor. The purchase was made, and a title-bond executed, on the 1st of *December*, 1838. By the agreement of the parties, possession of the estate was not given till the 1st of *October*, 1839. The state and county tax on the real estate for 1839 was 17 dollars, which, to prevent its collection by law, was paid in 1840 by the defendants, prior to the assignment of the note. In *March*, 1839, the defendants laid off a portion of said estate into townlots, and, during said year, the lots were sold at public vendue, and, at the sale, lot No. 5, in block No. 1, was struck off to *Lewis* for the sum of 78 dollars, a memorandum of which purchase was made at the time, by the clerk of the sale, in writing in the sale-book. At the time of such purchase, the legal title to the whole of said real estate was still in *Lewis*, who subsequently conveyed the whole of it to *Hart* and *Tate* agreeably to the requisitions of the title-bond. The other defendants are partners in the purchase. Subsequently to the sale, and prior to the assignment of the note, a good warranty deed in fee-simple for the lot was duly executed and tendered to *Lewis*, if he would pay said purchase-money or allow the same on said note. He refused thus to receive the deed, saying that the residue of said note had not been paid when due. The defendants are still willing and ready to deliver said deed on the condition aforesaid. It is agreed, that if said two sums are valid set-offs to said note, the judgment shall be for the plaintiff for 194 dollars and 45 cents; but if those sums ought not to be set off, then the judgment for the plaintiff shall be for 318 dollars and 45 cents.

The Court gave judgment for the plaintiff for 295 dollars and 76 cents.

In fixing the amount of the judgment, the Court allowed

VOL. VII.—72

Nov. Term,
1845.

CLARK
v.
THE STATE.

the defendants the sum paid by them for taxes with interest, but rejected their claim for the purchase-money of the lot.

The only question here is, were the defendants entitled, as a set-off, to the 78 dollars, the price of the lot bought by *Lewis?*

The sale of the lot, we think, was valid under the statute of frauds. The clerk of the sale, in making the memorandum of purchase, acted as the agent of the buyer as well as of the seller. It was necessary for the defendants in this case, before they could demand payment of the lot, to tender a conveyance for the same on being paid the price. This tender was made; and when the vendee refused to accept the conveyance, and pay the purchase-money or allow the amount on the note, he became liable to a suit for the purchase-money. That being the case, the price of the lot must, as a debt due from the vendee to the defendants, be a legal matter of set-off in this suit.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. W. Parker*, for the appellants.

*R. M. Cooper*, for the appellee.