Thiebaud, Trustee, *et al. v.* The Union Furniture Co.

No. 17,306.

THIEBAUD, TRUSTEE, ET AL. *v.* THE UNION FURNITURE COMPANY.

SPECIFIC PERFORMANCE.—*Contract in Deed to Pump Water from Well for Benefit of Grantor, at Specified Daily Rate.*—An executory contract by the grantee in a deed to pump water from a well upon the premises for the benefit of the grantor at specified daily rate, is too indefinite to be specifically enforced, where there is no limit of time and no provision as to' the repair or replacement of the pumps, or the sinking of the well deeper in case the water should fail.

CONTRACT.—*In Deed, to Pump Water for Benefit of Grantor.—Indefinite Period.—When Terminated.*—A contract in a deed by which the grantee agrees for an indefinite period to pump water at a daily compensation for the use of the .grantor, is terminated when the pumping machinery becomes wholly worn out and the well fails to furnish water.

SAME.—*Termination of Contract.—Remedy of Grantor.*—Under a contract in a deed by which the grantee is to pump water from a well upon the premises for the benefit of the grantor, at a certain sum per day, the latter to have the right, upon the failure of the grantee to pump water, to operate the well and use water therefrom, the grantee is bound to pump only so long as his works make it convenient for him so to do; and as soon as he fails, the remedy of the grantor is to enter upon the land and procure water from the well at his own expense.

Thiebaud, Trustee, *et al. v.* The Union Furniture Co.

SAME.—*In Deed.*—*Acceptance by Grantee.*—*Performance.*—*Statute of Frauds.*—The acceptance by the grantee of a deed containing a contract on his part to pump water from a well upon the premises conveyed for the benefit of the grantor, for an unlimited period, and his actions under such contract are equivalent to a signature thereof by him, which will take the contract out of the statute of frauds.

From the Switzerland Circuit Court.

*G. S. Pleasants, C. E. Walker* and *W. D. Ward,* for appellants.

*C. S. Tandy* and *F. M. Griffith,* for appellee.

HOWARD, J.—This was an action brought by appellee to enforce the specific performance of a contract, claimed to have been made by appellants to pump water for appellee, whenever requested, with damages as an incident for an alleged failure to do so on demand.

The contract in suit is contained in a deed by which certain described lands are conveyed to appellants, including in the tract so conveyed "that part of lot 6 in the city of Vevay," on which the well in question is located. In this deed there is a reservation to appellee of the right to the use and withdrawal of water from said well, for appellee's factory, situated on lots adjoining said lot 6 ; together with a further right, in case appellants fail to pump water, when requested, according to which latter right appellee is authorized to enter upon said lot 6 and operate the well and use the water therefrom.

The contract sued on provided that appellee should pay appellants one dollar and fifty cents a day for each day's pumping and that appellants should do such pumping whenever requested by appellee.

There were three deeds for the property, one from the appellee to the McLean Chair, Crib and Furniture Com-

pany, also a corporation, one from the McLean company to the appellant, Tamar H. Ward, and one from said appellant to appellant, Charles V. Thiebaud, as trustee for himself and the other appellants.    The last deed is not set out in the record, having been lost or mislaid. It is agreed that each of the deeds contained the original reservation in favor of appellee as to its rights to use water from the well on lot 6 for its factory; and contained also the contract here sued on, according to which the appellants assumed the obligation to pump water for appellee's factory, whenever requested, at the compensation of one dollar and fifty cents per day.

To the complaint setting out the foregoing and other facts, including also an allegation of a failure of appellants to pump water when requested, several special paragraphs of answer and of cross-complaint were filed; to all of which demurrers were sustained, and the cause went to trial on the general denial.

There was a finding by the court in favor of appellee, followed by a judgment for two hundred dollars damages and a decree for a specific performance of the contract, namely, that appellants should pump water from said well at the stipulated compensation, whenever required to do so by appellee.

The errors assigned call in question the sufficiency of the complaint, and also the correctness of the court's action in overruling the motion for a new trial and in overruling the motion for a modification of the judgment.

The reservation and contract as to the use of water by appellee, as the same are set out in the original deed, and substantially repeated in the other deeds, including that under which appellants hold title, are as follows, standing immediately after the granting clause and the description of the land conveyed, to-wit:

"Excepting therefrom and reserving unto the Union Furniture Co., of Vevay, Ind., their successors, grantees and assigns forever, the right to the free and uninterrupted use and withdrawal of water from the well situated on the part of lot No. 6, together with the right upon the failure of the grantees herein, to pump the water for the said Union Furniture Co. from said well, to enter upon that part of lot No. 6, herein conveyed, and to take possession of the same, and to operate the well and use water from the same. It being understood and agreed that said Union Furniture Co. is to have the use and withdrawal of water from said well for the purpose only to operate their furniture factory upon the lots where now situated.

"And said Union Furniture Co. agrees to pay said McLean Chair, Crib and Furniture Co., as compensation for pumping said water from said well to said Union Furniture Co., at the rate of one dollar and fifty cents per day for each day's pumping of ten hours per day, and said McLean Chair, Crib and Furniture Co. agrees to do said pumping whenever required by said Union Furniture Co., said Union Furniture Co. laying all connecting pipes."

The two foregoing clauses are quite unlike in character. The first is plainly a covenant running with the land conveyed, and as such is binding upon the grantees, their successors and assigns forever. The last clause, however, being the contract in suit, is simply a personal agreement between the immediate grantors and grantees. Had this clause not been inserted in the deed to appellants, it is clear that the contract would not be binding upon them, while at the same time their title to the land purchased by them would remain intact, subject only to the right of appellee to take

water from the well on lot 6. The contract, though written in the deed, is quite independent of it.

Appellants first contend that under the statute of frauds, the contract was invalid, for the reason that it was without limit as to time, and was not "signed by the party to be charged therewith."

This contention cannot be admitted. It is not denied that the contract, though distinct from the deed under which appellants hold title to their land, and distinct also from the reservation in the deed of the right to water from the well upon said land, and the right to go upon said land to procure such water, was yet a contract written in the instrument of conveyance, written there, too, with appellants' knowledge and consent. Appellants' acceptance of the contract, and their acting thereunder, was, under the circumstances, equivalent to a signature thereto by them. In *Hart* v. *Woods*, 7 Blackf. 568, a memorandum of a purchase of land at public sale, made by the clerk of the sale, was held sufficient to bind the purchaser. And see *Midland R. W. Co.* v. *Fisher*, 125 Ind. 19 (8 L. R. A. 604), and *Harlan* v. *Logansport Nat. Gas Co.*, 133 Ind. 323.

The theory of the complaint is that the appellee is entitled to a specific performance of the contract to pump water, and for damages against appellants for failure to pump. Upon this theory the sufficiency of the pleading must be determined.

We think that, in the very nature of things, this executory contract is not one that can be specifically enforced. In the first place, it is indefinite, or rather unlimited, as to time. It is evident that a court cannot compel the specific performance of a contract which, by its terms, is to be without end. The machinery of courts is not fitted for such indefinite superintendency. The contract is also indefinite as to the means of its own

enforcement.   There is an agreement to pump water; but pumps will wear out and water will fail in wells, as both happened in this case.   Yet no provision is made as to who shall repair the pumps, or put in new ones, or as to who shall sink the well deeper when water fails.

It is said in 22 Am. and Eng. Ency. of Law, 1002, that "the specific performance of a contract of personal service will not be enforced, for there is no practicable means of executing the decree.   Contracts to be performed in the remote future, or the execution of which involves the performance of a continuous and protracted series of acts, or the doing of some act or thing which demands the exercise of the individual skill, discretion, taste, or talent of the promisor, are, of necessity, incapable of judicial supervision. * For the breach of such agreements, the party injured must be left to his remedy in a court of law."   Very many authorities also are cited in support of the text, including *Case of Mary Clark*, 1 Blackf. 122 (12 Am. Dec. 213); *Ikerd* v. *Beavers*, 106 Ind. 483; *Lindsay* v. *Glass*, 119 Ind. 301; see further *Louisville, etc., R. W. Co.* v. *Bodenschatz, etc., Stone Co.*, 141 Ind. 251, and numerous authorities there cited.

We do not think the parties to the contract contemplated an impossible or utterly unreasonable compliance with its terms.   From the record it appears that the grantee in the first deed was at the time also engaged in the business of manufacturing, and was thus in control of power which with very little expense could be attached to the pump, and thus supply appellee with water when needed, which was only in very dry weather. Substantially similar conditions existed when the other deeds were executed.   From this we may infer that the

parties took into account the situation of their respective factories and machinery, as they then were.

The condition at first existing continued unchanged down to the time when the alleged violation of the contract took place, and when, not through unwillingness, but from inability, appellants failed to pump water. The pumping machinery had in part worn out and the water also had fallen very low, owing to the excessive drouth. Had the machinery become totally worn out, and had the well utterly failed to furnish water, is it to be thought that appellants still remained bound to pump water at one dollar and fifty cents a day? This conclusion would be quite unreasonable; and we are of opinion that such an interpretation of the contract is not the correct one. When the machinery gave out and when the water failed, the contract was at an end.

Not only, therefore, do we think that the contract was one whose specific performance cannot be enforced, but we do not think that it is shown, from the record that any damages accrued which can be collected from appellants.

It is not alleged that appellee was refused permission to enter upon lot 6 to pump water for itself; and, moreover, it does appear from the evidence that appellee was expressly invited to enter and do such pumping. This was the remedy provided in the reservation in the deed for a failure on the part of appellants to do the pumping. Appellee was thus fully secured in the means of enforcing its right to take water from the well.

We think that the contract sued on meant no more than that appellants would pump water for appellee, when requested, so long as appellants' works made it convenient for them to do so; and that appellee would pay appellants one dollar and fifty cents a day for such service so long as it was performed. As soon, however,

as appellants, for any reason, failed to pump water, appellee had the right, under the deed, to enter upon the land and procure water from the well at its own expense. Such seems the only sensible meaning to draw from the terms of the agreement between the parties.

The complaint was therefore insufficient. In addition, the court erred in overruling the motion for a new trial and in overruling the motion for a modification of the judgment, and to strike from the decree all provisions ordering a specific performance of the contract.

The judgment is reversed, with instructions to grant a new trial.

Filed January 21, 1896.