**Howard C. CHASE and Margaret E. Chase, Plaintiffs-Appellants,**

v.

**Gerald W. NELSON and Beverly M. Nelson, Defendants-Appellees.**

No. 67A01–8608–CV–225.

Court of Appeals of Indiana, First District.

May 18, 1987.

---

Larry J. Wilson, Wilson Hutchens & Wilson, Greencastle, for plaintiffs-appellants.

Stephen S. Pierson, Greencastle, for defendants-appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Howard C. Chase and Margaret E. Chase appeal the trial court's negative judgment. We reverse.

## FACTS

This action arose out of a dispute over an easement for a joint driveway. Howard and Margaret Chase own real estate in Greencastle at 612 East Seminary Street. Their neighbors, Gerald and Beverly Nelson, live immediately east of the Chases at 614 East Seminary Street. Both properties are on the south side of the street. The common property line between each parcel is the center of a joint driveway which runs 78 feet in length and 6 feet 10 inches in width. The driveway has been in use since 1921.

Prior to July 14, 1921, William and Fannie Ledbetter owned property which now is owned by the Chases and Nelsons. On that date, the Ledbetters deeded the lot which is now owned by the Nelsons to Lenore Alspaugh. The following language is contained in the warranty deed:

"The Grantors and the grantee herein agree to furnish 3 feet and 5 inches, each, for the use of a driveway between their lots, to be used jointly.

"The Grantors to furnish 3 feet and five inches off of the east side of their lot 67 and the Grantee to furnish 3 feet and five inches off the west side of her lot, herein above described for the use of said driveway, it being understood that said driveway shall extend a distance of 78 feet south of the north line of said lot, described in this deed."

Record at 90. The warranty deed was recorded two days later. In February of 1960, Lenore Alspaugh conveyed the property to Jonathan and Jeanne Houck. On June 23, 1973, the Houcks conveyed the property to the Nelsons.

The adjoining lot was conveyed to the Chases on August 1, 1948. The warranty deed provided the following:

"It is understood that the east line of the above described real estate for a distance of 78 feet south from the north line of said lot shall be the center of a driveway 6 feet and 10 inches in width to be used jointly by the owners of the real estate adjoining said driveway. It being the intention of the Grantors herein to convey all their right, title and interest in said driveway as reserved by previous grantors in the chain of title as recorded in Deed Record 83, page 546 in the office of the Recorder of Putnam County, State of Indiana."

Record at 91. In 1964, the Chases constructed a garage and driveway near the western edge of their lot. However, they continued to utilize the joint driveway on the eastern side for access to the rear of their lot, for coal deliveries, and for access to their basement to remove trash.

On October 3, 1985, Howard and Margaret Chase filed a complaint for declaratory judgment against Gerald and Beverly Nelson. The Chases alleged that the Nelsons continuously parked automobiles on the joint driveway and that they refused to remove the vehicles. The complaint alleged that this was a material interference with the Chases' use of the joint driveway.

After a bench trial, the court ruled in favor of the defendants, the Nelsons. In its findings of fact and conclusions of law, the trial court found that the warranty deed from the Ledbetters to Alspaugh failed to create a valid easement for the joint driveway. The court's decision was based upon the deed's failure "to describe with certainty the dominant and servient

tenements." Record at 60. Another reason was that it was "not signed by the successor in interest to the party to be charged." *Id.* Thus, the Chases had no easement on the Nelson property.

In contrast, the trial court held that the deed to the Chases created an easement in favor of the Nelsons. The trial court held, "The plaintiffs received title to their property with a sufficient reservation of an easement on their property to create an easement running in favor of the property now owned by the Nelsons." Record at 60. The court concluded with the following:

> "The only easement created by the evidence and instruments before the Court in this case would be an easement over 3 feet and five inches of ground taken off the east line of plaintiffs' property hereinabove described and extending for a distance of 78 feet south from Seminary Street on and along said east property line."

Record at 60. Thereafter, the Chases perfected this appeal.

### ISSUES

1. Whether the deed from the Ledbetters to Alspaugh adequately described the dominant and servient tenements to create a valid joint driveway easement.

2. Whether an easement created by a deed signed only by the grantor satisfies the Statute of Frauds.

### DISCUSSION AND DECISION

To prevail, the Chases must demonstrate that the judgment is clearly erroneous. Indiana Rules of Procedure, Trial Rule 52(A). On appeal from a negative judgment, we will neither reweigh the evidence nor judge the credibility of witnesses. We will reverse only if the uncontroverted evidence supports no reasonable inference in favor of the trial court's decision or if our review leaves us with a definite and firm conviction that a mistake has been made. *Clark v. Griffin* (1985), Ind.App., 481 N.E.2d 170, 172; *McClamroch v. McClamroch* (1985), Ind.App., 476 N.E.2d 514, 521, *trans. denied.*

*Issue One*

■ The defendants claim, and the trial court found, that the deed from the Ledbetters to Alspaugh did not create an easement for a joint driveway because the dominant and servient tenements were not adequately described. We agree that the dominant and servient tenements must be identified. *Brademas v. Hartwig* (1977), 175 Ind.App. 4, 8, 369 N.E.2d 954, 957; *Lennertz v. Yohn* (1948), 118 Ind.App. 443, 450, 79 N.E.2d 414, 417, *trans. denied; see also Shirley v. Crabb* (1894), 138 Ind. 200, 204, 37 N.E. 130, 132. The warranty deed provided, "The grantors [Ledbetters] to furnish 3 feet and 5 inches off the east side of their lot 67 and the grantee [Alspaugh] to furnish 3 feet and 5 inches off the west side of her lot, ... for the use of said driveway...." Record at 90. Although not artfully drafted, we still find that the dominant and servient tenements adequately were described. First, the deed granted an easement in favor of Alspaugh, the Nelsons' predecessor in title, for a 3′ 5″ strip of land on the east side of the Ledbetters' property. Thus, for this easement, the dominant tenement was the Alspaugh (now Nelson) tract while the servient tenement was the Ledbetter (now Chase) tract. Second, the deed reserved an easement in favor of the Ledbetters, the Chases' predecessors in title, for a 3′ 5″ strip of land on the west side of Alspaugh's property. Thus, the dominant tenement was the Ledbetter (now Chase) tract while the servient tenement was the Alspaugh (now Nelson) tract. Therefore, the trial court clearly erred in concluding that the dominant and servient tenements were insufficiently described.

■ We reject the Nelsons' argument that the warranty deed simply provided for an "agreement to agree" to create a joint driveway easement in the future. The Nelsons focus upon the deed's phrase "agree to furnish" as indicative of a future tense as opposed to a present grant or reservation of an easement. We disagree. In construing an alleged creation of an easement through grant or reservation, no particular words are necessary; any words

which clearly show the intention to give an easement are sufficient. 11 I.L.E. *Easements* § 14 (1958); 25 Am.Jur.2d *Easements and Licenses* § 20 (1966). In the present case, the grantors' intentions are clear. Again, although the portion of the deed creating the easement is not a model of draftsmanship, it suffices to clearly express the Ledbetters' intent to establish the joint driveway easement. We do not construe the phrase "agree to furnish" as an indication that an easement was to be created subsequent to the deed. When read as a whole, the deed contemporaneously created the easement.

*Issue Two*

■ The Nelsons contend, and the trial court found, that the deed did not establish an easement because the Statute of Frauds was not satisfied. Indiana Code section 32-2-1-1 provides in pertinent part as follows:

"No action shall be brought ... [u]pon any contract for the sale of lands ... [u]nless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith...."

Easements are interests in land and, with the exception of prescriptive easements, contracts to grant or reserve easements are subject to the statute's requirements. *Selvia v. Reitmeyer* (1973), 156 Ind.App. 203, 208, 295 N.E.2d 869, 873; *Dubois County Machine Co. v. Blessinger* (1971), 149 Ind.App. 594, 598, 274 N.E.2d 279, 282.

This general rule does not apply when an easement is created by a deed which the grantee does not sign. "Acceptance by the grantee of a deed conveying an easement in express terms brings the easement into existence without any further act on the part of the grantee showing his acceptance of the easement itself." 25 Am.Jur.2d *Easements and Licenses* § 20 (1966). Although we have found no Indiana cases directly on point, two cases are instructive. In *Thiebaud v. Union Furniture Co.* (1895), 143 Ind. 340, 42 N.E. 741, a deed

contained an executory contract by the grantee to pump water from a well upon the grantee's premises for the grantor's benefit. The grantee did not sign the deed. In addressing the claim that the contract was invalid for failure to comply with the Statute of Frauds since the grantee did not sign the deed, the court held as follows:

"It is not denied that the contract, though distinct from the deed under which appellants hold title to their land, and distinct also from the reservation in the deed of the right to water from the well upon said land, ... was yet a contract written in the instrument of conveyance, written there, too, with appellants' knowledge and consent. *Appellants' acceptance of the contract, and then acting thereunder, was, under the circumstances, equivalent to a signature thereto by them.*"

*Thiebaud,* at 344, 42 N.E. at 742. Therefore, the grantee's signature was unnecessary. Although *Thiebaud* involved a personal agreement unconnected with the land conveyed, its rationale still is appropriate for our analysis.

The second case involved a covenant running with the land. In *Brendonwood Common v. Franklin* (1980), Ind.App., 403 N.E.2d 1136, *trans. denied,* a not-for-profit corporation was formed to manage common lands in a housing development. As part of a deed executed in 1917, the corporation was to assess and collect charges against each member-homeowner for the maintenance of the common areas. By provision in the deed, the covenants were to run with the land. In 1974, the corporation determined that the roads in the development needed slurry seal. The cost was spread among its members by an acreage assessment. When several members refused to pay, the corporation filed suit against the members for the delinquent assessment amount plus attorney's fees. The complaint also sought foreclosure of the properties because the assessments were liens upon those properties. In the following passage, our court rejected the members' contention based upon the original grantee's failure to sign the deed which

established the corporation and assessment system:

"The members' argument that Brendonwood's restrictions were invalid from their inception for failure to comply with the Statute of Frauds, I.C. 1971, 32–2–1–1 (West 1979) has been specifically rejected. The acceptance of a deed poll (a deed signed only by the grantor) satisfies the Statute of Frauds and imposes the undertakings in the deed upon the grantee. Thus, in *Midland Railway v. Fisher*, (1890) 125 Ind. 19, 24 N.E. 756, the Indiana Supreme Court held that a covenant (to erect a fence) contained in a deed accepted by the grantee satisfies the Statute of Frauds and ran with the land to bind subsequent grantees. *See* 2 American Law of Property § 9.9 at 365 (A. Casner ed. 1952). The rule applies to liens as well as covenants generally...."

*Id.* at 1141. Therefore, the covenant which ran with the land was not invalid for the grantee's omitted signature on the deed.

■ We find that *Thiebaud* and *Brendonwood* are persuasive. When the Ledbetters conveyed the property at 614 E. Seminary Street to Lenore Alspaugh in 1921, the easement created by the deed satisfied the Statute of Frauds. Alspaugh's acceptance of the deed operated to satisfy the requirement that the contract creating the easement be "signed by the party to be charged therewith." By accepting the deed, Alspaugh was charged with knowledge of its contents. If the easement was unsatisfactory, Alspaugh was free to refuse the deed. Therefore, the Statute of Frauds was satisfied by Alspaugh's acceptance. We hold that the trial court was clearly erroneous when it concluded that the easement was invalid for lack of the grantee's signature.

In the trial court's findings of fact, the court found as follows:

"10. The driveway has almost exclusively been used by the Nelsons and their predecessors in title for driveway purposes.

"11. The plaintiffs have only occasionally used the 'joint driveway' and have relied heavily on their driveway and

parking garage located to the west of their property.

"12. The Nelsons and their predecessors in title have never blocked, obstructed, or refused permission for anyone living on the property now belonging to plaintiffs."

Record at 59. However, in its conclusions of law, the trial court made no findings other than that the easement was invalid. Thus, on appeal, we cannot determine whether the Nelsons interfered with the easement to justify injunctive relief. Furthermore, once the trial court determined that there was no valid easement in favor of the Chases, any findings as to the Nelsons' interference with the easement would have been mere surplusage. Therefore, pursuant to Indiana Rules of Procedure, Appellate Rule 15(N)(3), we remand and direct the trial court to correct its judgment to reflect that there is a valid, joint driveway easement in accordance with this opinion. We also remand for further findings upon the Chases' right to injunctive relief premised upon the Nelsons' interference, if any, with the easement.

Reversed and remanded.

NEAL and BUCHANAN, JJ., concur.