James **TANTON** and Angela Tanton,
Appellants–Plaintiffs,

v.

William C. **GROCHOW** and Sandy
Grochow, et al, Appellees–
Defendants.

No. 29A02–9805–CV–420.

Court of Appeals of Indiana.

March 24, 1999.

Mark E. Bell, Bell & Bell, Indianapolis, Indiana, Attorney for Appellant.

Brian J. Zaiger, Church, Church, Hittle & Antrim, Noblesville, Indiana, Attorney for Appellee.

**OPINION**

STATON, Judge

James and Angela Tanton ("Tantons") appeal from the trial court's findings and judgment in their action to quiet title. The Tantons raise three issues on appeal, which we restate as:

I. Whether the recorded Agreement regarding the use of a common driveway between the parties' predecessors in interest is a valid, enforceable joint easement.

II. Whether the trial court properly interpreted the scope of the joint easement.

III. Whether the easement should be dissolved.

We affirm.

The Millers and the Chandlers were neighbors. Their properties adjoined each other and abutted 116th Street. In 1976, they executed a "Joint Driveway Agreement and Consent to Enroach [sic]," ("Agreement") which was later recorded in the Hamilton County Recorder's Office. This Agreement granted both parties the right to use a joint driveway straddling their property lines. The stated purposes of the Agreement were for ingress and egress to the parties' respective properties and to eliminate any necessity for the parties to have to back a vehicle out onto 116th Street.

In 1993, the Tantons, successors in interest of the Millers, brought an action to quiet title against the Grochows, successors in interest of the Chandlers. The Tantons argued that (1) the Agreement was not supported by adequate consideration; (2) the Agreement is unenforceable due to failure of the parties to designate the dominant and servient estates; (3) the Agreement establishes a joint easement only on the part of the driveway designated by arrows in a survey attached to and incorporated by reference in the original Agreement and; (4) the Agreement should be dissolved due to changed circumstances.

The trial court found that (1) the Agreement was supported by adequate consideration; (2) the Agreement adequately described the dominant and servient estates; (3) the Agreement applies to the entire paved area that is depicted on the incorporated survey, but not to any paved area which has been subsequently added to the land and; (4) the Agreement should not be dissolved. This appeal ensued.

Where a trial court has made special findings pursuant to a party's request under T.R. 52(A), the reviewing court may affirm the judgment on any legal theory supported by the findings. *Mitchell v. Mitchell*, 695 N.E.2d 920, 923 (Ind.1998). Before affirming a legal theory supported by the findings but not espoused by the trial court, the appellate court should be confident that its affirmance is consistent with all of the trial court's findings of fact and inferences reasonably drawn from the findings. *Id.* at 924. In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Ahuja v. Lynco Ltd. Medical Research*, 675 N.E.2d 704, 707 (Ind. Ct.App.1996), *trans. denied.* The judgment will be reversed only when clearly erroneous. *DeHaan v. DeHaan*, 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *trans. denied.* Findings of fact are clearly erroneous when the record lacks any reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

Where, as here, the trial court has sua sponte entered findings and conclusions, the same standard applies, with one exception. The specific findings control only as to issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *Butler v. Shipshewana Auction, Inc.*, 697 N.E.2d 1285, 1287–88 (Ind. Ct.App.1998).

I.

*Validity & Enforceability*

The Tantons contend that the Agreement entered into by their predecessors in interest is void for lack of adequate

consideration. Specifically, the Tantons argue that their predecessors in interest did not receive sufficient consideration because the majority of the width of the joint driveway is situated on their property. It is not proper, however, for courts to inquire into the adequacy of consideration. *Harrison–Floyd Farm Bur. Co-op. v. Reed,* 546 N.E.2d 855, 857 (Ind.Ct.App.1989). Where consideration of an indeterminate value is agreed upon by the parties, the judgment of the parties as to its sufficiency will not be disturbed by the court. *Id.* Here, the Agreement grants to each party the benefit of "an express easement for ingress and egress over their respective driveway." It is not the proper function of this Court to second guess, twenty-two years after the Agreement was entered into, the parties' determination that the consideration was adequate.

The Tantons also contend that the Agreement is unenforceable because it fails to expressly identify the dominant and servient estates. When those terms are not expressly mentioned in a document, a valid easement nevertheless exists if the document adequately describes the dominant and servient estates. *Chase v. Nelson,* 507 N.E.2d 640, 642 (Ind.Ct.App.1987). Too, in construing an alleged creation of an easement through grant or reservation, no particular words are necessary; any words which clearly show the intention to give an easement are sufficient. *Id.* (citing 11 I.L.E. *Easements* Sec. 14 (1958); 25 Am.Jur.2d *Easements and Licences* Sec. 20) (1966). Here, the Agreement provides:

1. Parties grant to each other an express easement for ingress and egress over their respective driveway.

The language of the Agreement clearly evidences the parties' intent to grant a joint easement.

Further, the property description and survey adequately identify the dominant and servient tenements. The Agreement describes the properties subject to its terms and incorporates an attached survey, which indicates the location of the joint driveway on the parties' respective properties. An easement was granted in favor of the Millers, the Tantons' predecessor in title, for an approxi-

mately five foot wide strip of pavement located on the Chandler (now Grochow) property. Thus, the Miller (now Tanton) property is the dominant estate and the Chandler (now Grochow) property is the servient estate. An easement was also granted in favor of the Chandlers (now Grochow), for an approximately thirteen foot wide strip of pavement located on the Miller, now Tanton property. For this easement, the Chandler (now Grochow) property is the dominant estate and the Miller (now Tanton) property is the servient estate. The trial court did not err in concluding that the Agreement is valid and enforceable.

## II.

### *Scope of the Easement*

The trial court found that the Agreement provides both parties the right to use the entire paved area depicted in the incorporated survey for the stated purposes of ingress and egress and to eliminate any necessity for the parties to have to back a vehicle out onto 116th Street. The Tantons contend that the Agreement only provides a joint easement on a specific part of the paved area, labeled "common driveway" and marked with arrows, on the incorporated survey. We agree with the trial court.

The interpretation and construction of contract provisions is a function for the court. On appeal, our standard of review is essentially the same as that employed by the trial court. Unless the terms of a contract are ambiguous, they will be given their plain and ordinary meaning. *Ostrander v. Bd. of Directors, Porter,* 650 N.E.2d 1192, 1196 (Ind.Ct.App.1995), *trans. denied.* The terms of a contract are not ambiguous merely because controversy exists between the parties concerning the proper interpretation of terms. *Tate v. Secura Ins.,* 561 N.E.2d 814, 819 (Ind.Ct.App.1990).

Our review of the Agreement discloses no ambiguity. The Agreement states that the parties entered the agreement "for the common use of our adjoining driveways as shown by [the attached and incorporated survey], so as to eliminate any necessary [sic] for parties

to have to back a vehicle out into 116th street." The Agreement grants each party "an express easement for ingress and egress over their respective driveway." There is no limitation as to what parts of the respective driveways could be used for the stated purposes. We conclude that the designation "common drive" and the accompanying arrows on the survey is merely a descriptive label used by the surveyor that was not intended to limit the extent of the easements granted by the language of the Agreement. Under the Tantons' proposed interpretation, the easements granted would not even extend to the parties' garages, thus hindering the stated purposes of the Agreement. The trial court did not err in its interpretation of the scope of the Agreement.

### III.

*Dissolution*

 The Tantons contend that the need for the easements no longer exists due to changed circumstances. Specifically, the Tantons argue that the Grochows have extended the paved area behind their house and, therefore, no longer need an easement for the purposes of ingress and egress or to avoid having to back a vehicle out onto the road. There was conflicting evidence presented with regard to whether the parties' still made use of the original easement. We will not reweigh this evidence or judge the credibility of witnesses. *DeHaan,* 572 N.E.2d at 1320. The trial court's judgment that the easements should not be dissolved was not clearly erroneous.

Affirmed.

RILEY, J., and BROOK, J., concur.