**LARRY MAYÉS SALES, INC., Larry J. Mayes and Carolyn Mayes, Appellants–Defendants,**

v.

**HSI, LLC, Appellee–Plaintiff.**

No. 41A05–0003–CV–120.

Court of Appeals of Indiana.

Feb. 26, 2001.

---

Stephen P. Ullrich, Indianapolis, IN, Attorney for Appellants.

Arend J. Abel, Leagre Chandler & Millard, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Defendants, Larry Mayes Sales, Inc., Larry J. Mayes and Carolyn Mayes (collectively referred to as the "Mayes"), appeal the trial court's summary judgment entered in favor of the Appellees–Plaintiffs, HSI, LLC ("HSI").

We affirm.[1]

### ISSUE

The Mayes raise one issue on appeal, which we restate as follows: Whether the trial court erred in granting summary judgment in favor of HSI and denying Mayes' motion for summary judgment.

### FACTS AND PROCEDURAL HISTORY

The Mayes own real estate located in the town of New Whiteland, Johnson County, Indiana. The Mayes use this property for their recreational vehicle sales business. This property was conveyed by warranty deed to the Mayes, as grantees, by Larry D. Silver (Silver), grantor, on March 6, 1992. The Mayes' lot, lot no. 2, is part of a commercial subdivision originally owned by the Silver Company. HSI owns lot no. 3 in Silver Company–Commercial Subdivision. This lot was conveyed to HSI by the previous owners, the Kleinmaiers, via a warranty deed on January 19, 1996. The HSI lot had also been previously owned by Silver. HSI's property is adjacent to the property owned by the Mayes.

At issue here is an easement found in the Mayes/Silver Deed, which contains the following language:

> The conveyance is Further SUBJECT TO, and GRANTOR FURTHER RESERVES AND RETAINS, for the use and benefit of Grantor (including the property owned by Grantor adjacent to the real estate herein conveyed) and the property conveyed to Linda Faye Caine described in the Deed recorded in Book 259, Page 466, in the Office of the Recorder of Johnson County, Indiana, a perpetual easement for access, ingress and egress described as follows:
>
> [legal description of easement omitted]

(R.52). This easement grants the right of ingress, egress, and access over a tract of land extending from U.S. Highway 31, across the Mayes' lot, to the lot owned by HSI.

In the spring of 1992, the Mayes erected a fence along the southern boundary of their lot, obstructing this easement. The Mayes also parked a portion of their recreational vehicle inventory on the easement. Consequently, HSI was unable to utilize the easement and thus, did not have access to U.S. 31. However, HSI's property is not landlocked, and has access to Tracy Road.

---

1. We deny Appellants' Petition For Oral Argument.

On January 11, 1999, HSI filed its Complaint and Petition for Injunctive Relief. HSI sought a declaratory judgment and injunctive relief seeking full, unobstructed use of the easement. On August 12, 1999, HSI moved for summary judgment. In response, on October 20, 1999, the Mayes filed a memorandum in opposition to HSI's motion for summary judgment, and filed a request that summary judgment be instead issued in their favor.

On February .23, 2000, the trial court issued Findings of Fact and Conclusions of Law, and an Order granting HSI's motion for summary judgment. This Order determined that the Mayes/Silver Deed grants HSI and subsequent owners of HSI's property, an easement for access, ingress and egress from U.S. Highway 31, over the Mayes' property, to HSI's property. The trial court further found that the easement is perpetual and runs with the land.

Mayes now appeals from this Order.

## DISCUSSION AND DECISION
### Standard for Summary Judgment

When reviewing an entry of summary judgment, this court applies the same standard as the trial court. *City of Fort Wayne v. Kotsopoulos,* 704 N.E.2d 1069, 1070 (Ind.Ct.App.1999). "Summary judgment is appropriate when the evidentiary matter designated to the trial court shows both that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Aide v. Chrysler Financial Corp.,* 699 N.E.2d 1177, 1180 (Ind.Ct.App.1998), *trans. denied.* We will affirm a summary judgment on appeal if it is sustainable under any theory or basis found in the evidentiary matter designated to the trial court. *J.S. Sweet Co., Inc. v. White County Bridge Com'n,* 714 N.E.2d 219, 222 (Ind.Ct.App. 1999). Additionally, when material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. *Deaton v. City of Greenwood,* 582 N.E.2d 882, 884 (Ind.Ct.App.1991). "When there are no disputed facts with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter *de novo.*" *Mahowald v. State,* 719 N.E.2d 421, 424 (Ind.Ct.App.1999).

### Easement

The Mayes assert that the trial court improperly granted HSI's motion for summary judgment. Essentially, the Mayes argue that the easement set forth in the Mayes/Silver Deed granted an access easement to the grantor (Silver) only,.for the time period he owned the adjacent property. However, HSI asserts that the easement is perpetual and benefits the property HSI currently owns, which was previously owned by the grantor, Silver. Thus, the sole issue here is the interpretation of the easement found in the Mayes/Silver deed.

In construing a deed, we regard the deed in its entirety, considering the parts of the deed together so that no part is rejected. *Tazian v. Cline,* 686 N.E.2d 95, 97 (Ind.1997). The goal in construing a deed is to ascertain the intent of the parties and to give some meaning to every part of the document. *Id.* Here, the trial court determined, and the parties agree, that the easement is unambiguous. " '[W]here there is no ambiguity in the deed, the intention of the parties must be determined from the language of the deed alone.' " *Id.* (citation omitted). Thus, where a deed is unambiguous, extrinsic evidence is inadmissible to explain the intent of the parties. *Wendy's of Ft. Wayne, Inc. v. Fagan,* 644 N.E.2d 159, 164 (Ind.Ct. App.1994).

> The nature, extent and duration of an easement created by an express agreement or grant must be determined by the provisions of the instrument creating the easement. An easement is an interest in land and may be held in fee. A fee simple or lesser estate in land may be created so as to be defeasible. While an easement is normally held in fee, it is well established that an easement, like any other estate in land, may be held as

a determinable fee. An easement which is held as a determinable fee will terminate upon the happening of the event upon which its existence is conditioned without any action by the grantor of the estate or his successors in interest. *Erie–Haven, Inc. v. First Church of Christ,* 155 Ind.App. 283, 289, 292 N.E.2d 837, 841 (1973) (citations omitted). Furthermore, "[a]n easement is appurtenant if it passes with the dominant tenement by conveyance or inheritance. An easement is in gross if it is a mere personal right which cannot be granted to another person or transmitted by descent." *Jeffers v. Toschlog,* 178 Ind.App. 603, 605, 383 N.E.2d 457, 458 (1978). When an easement can be fairly construed to be appurtenant to the land, it will not be presumed to be in gross. *Id.* at 459.

Here, the Mayes assert that the access easement created in the Mayes/Silver deed granted an easement to the grantor (Silver) only, for the time period he owned the adjacent property. Thus, the Mayes argue that the access easement is in gross and was held as a determinable fee, which terminated when Silver no longer owned the adjacent property. HSI argues however that the easement is appurtenant to the land and thus, it passes with the conveyance of the dominant tenement. Therefore, HSI asserts that subsequent owners of Silver's property, including HSI, had the benefit of the easement since it runs with the land.

■ "[I]n construing an alleged creation of an easement through a grant or reservation, no particular words are necessary; any words which clearly show the intention to give an easement are sufficient." *Tanton v. Grochow,* 707 N.E.2d 1010, 1013 (Ind.Ct.App.1999). However, in an instrument creating an express easement, the dominant and servient tenement should be described with reasonable certainty. *Oakes v. Hattabaugh,* 631 N.E.2d 949, 951 (Ind.Ct.App.1994). Nevertheless, an easement may be valid if the document adequately describes the dominant and servient estates even though it does not specifically use the terms "dominant estate" and "servient estate" in the document. *Tanton,* 707 N.E.2d at 1013.

■ The deed in this case describes the location of the easement, and since the easement is located on the Mayes' property, it inherently identifies the Mayes' property as the servient tenement. *See Oakes,* 631 N.E.2d at 952. The dominant estate is also adequately identified. The easement states that it is: "for the use and benefit of Grantor (including the property owned by Grantor adjacent to the real estate herein conveyed) and the property conveyed to Linda Faye Caine described in the Deed recorded in Book 259, Page 466, in the Office of the Recorder of Johnson County, Indiana." (R. 52). Thus, this deed actually creates two access easements, one for the grantor, including the property owned by the grantor, and one for the property conveyed to Linda Faye Caine (Caine). Consequently, the dominant estate is the property previously owned by Silver that is adjacent to the Mayes' property and the property conveyed to Caine.

The Mayes argue however that the language in the easement, "the property owned by Grantor adjacent to the real estate herein conveyed" is not an adequate description of the dominant estate and requires the use of extrinsic evidence to determine the property's location. In response to this assertion, HSI raises two arguments. First, HSI contends that the issue has been waived by the Mayes due to their failure to raise the issue in the trial court. We disagree and conclude that Mayes adequately raised this issue in the summary judgment proceedings below.

Additionally, HSI asserts that the dominant estate is adequately defined. We agree. "In a conveyance, the office of a description is not to identify the land but to furnish the means of identification." *Tazian v. Cline,* 686 N.E.2d 95, 97 (Ind. 1997). Here, the deed identifies that the easement is for the use and benefit of the property owned by the grantor (Silver) which is adjacent to the Mayes' property.

Even though the portion of the easement that provided an access easement for the benefit of the property conveyed to Caine was more clearly described, this does not mean that the description with regard to Silver's property was insufficient. *See Chase v. Nelson,* 507 N.E.2d 640, 642 (Ind. Ct.App.1987) ("Although not artfully drafted, we still find that the dominant and servient tenements adequately were described."). As we have stated no particular words are necessary and any words which show the clear intention to give an easement are sufficient. *Tanton,* 707 N.E.2d at 1013. It is apparent here that the intent of the grantor, Silver, was to create an easement not only for his benefit, but for the benefit of the adjacent property he owned and for the benefit of the property owned by Caine. Therefore, we conclude that the dominant estate, grantor-Silver's adjacent property, is adequately defined.

Furthermore, we agree with the trial court's conclusion that the easement is intended to be appurtenant to the land and is perpetual. Mayes argues that the easement is not perpetual and was only meant to benefit the adjacent property while owned by Silver. However, the easement clearly states that it is "a perpetual easement for access, ingress and egress ..." (R. 52). If this easement was intended only to be for Silver's benefit, the language regarding a "perpetual easement" would become meaningless. In construing this easement, it is our goal to give meaning to every part of the document and to render no part meaningless. *Tazian,* 686 N.E.2d at 97. "[I]t is a rule of construction that in case of doubt or uncertainty a grant of an easement will ordinarily be construed in favor of the grantee." *Metcalf v. Houk,* 644 N.E.2d 597, 601 (Ind. Ct.App.1994) (emphasis omitted). Thus, in keeping with our goals of construction, we agree with the trial court that the easement is perpetual.

Consequently, we conclude that the trial court properly granted HSI's motion for summary judgment and properly denied the Mayes request for the same.

## CONCLUSION

Based on the foregoing, we affirm the trial court's Order granting summary judgment in favor of HSI.

Affirmed.

SHARPNACK, C.J., and MATTINGLY, J., concur.