## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 27 2015, 8:47 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Jason M. Kuchmay
Carson Boxberger LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEES

Stephen R. Snyder
Randall L. Morgan
Snyder Morgan LLP
Syracuse, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J. Richard Presser, Rachel E. Presser, Kevin Kelley, Richard Sanderson, Rosemary Sanderson, Thomas Reis and Mary Reis,

*Appellants*

v.

North Indiana Annual Conference of the United Methodist Church, et al,

*Appellees*

May 27, 2015

Court of Appeals Cause No. 43A04-1405-CP-215

Appeal from the Kosciusko Circuit Court
The Honorable Rex L. Reed, Judge
Case No. 43C01-9109-CP-732

**Robb, Judge.**

# Case Summary and Issue

[1] In 1994, following a three-week trial, the trial court issued a final order ("1994 Judgment") determining property rights relating to a plat of land known as Epworth Forest and an easement located on the plat adjacent to the edge of Webster Lake. In 2011, the North Indiana Conference of the United Methodist Church ("Conference") filed a motion for relief from judgment, claiming that portions of the 1994 Judgment were no longer equitable as to the Conference. In an interlocutory order related to the Conference's motion for relief from judgment, the trial court ruled that the easement at issue in the 1994 Judgment was an appurtenant easement. The Appellants, who own parcels of land immediately adjacent to Webster Lake, appeal the trial court's interlocutory order. They raise one issue for our review: whether the easement established by the Conference's 1923 plat and construed by the 1994 Judgment is an easement appurtenant or an easement in gross. Concluding the plat created an appurtenant easement, we affirm.

# Facts and Procedural History

[2] In 1923, the Conference laid out the plat for Epworth Forest, which adjoins Webster Lake. The Epworth Forest plat includes 426 lots, some of which are immediately adjacent to Webster Lake. The original plat depicted a strip of land located along the shoreline of Webster Lake and contained a legend providing that "[n]one of the lots extend to the low water mark, but an easement along all lakefrontage is held by [the Conference], and is subject to all

of the rules and regulations that are contained by their by-laws." Appellant's Appendix at 86. The strip of land subject to the easement was thereafter used by owners of land in Epworth Forest both on-shore and off-shore to install piers, dock boats, walk, or otherwise enjoy the lake.

[3] After years of disputes concerning ownership and littoral rights related to the strip of land located along the lake, a lawsuit was filed in September 1991 by a group of on-shore owners, some of whom are now appellants in this case. The result of that lawsuit was the 1994 Judgment, in which the trial court found it was "necessary to construe the plat, to attempt to determine the intention of the proprietors thereof, and to define the relative rights and privileges of the respective parties created by the plat." Appellant's App. at 92. The 1994 Judgment discussed the scope and purpose of the easement. It also ruled that the Conference oversee and regulate the installation of docks and piers on the easement. However, the 1994 Judgment did not specifically identify the easement as an easement in gross or an easement appurtenant. The 1994 Judgment was never appealed.

[4] On July 7, 2011, the Conference filed a motion for relief from judgment, claiming that it was no longer equitable for the 1994 Judgment to have prospective application to the Conference. During the course of litigation, the parties agreed the trial court should establish whether the easement is appurtenant or in gross. After briefing and a hearing on the matter, the trial court issued an interlocutory order concluding that the easement is an appurtenant easement. The trial court granted the Appellants' request to certify

the order for interlocutory appeal, but this court denied their request to accept the appeal on November 5, 2012.

[5] The parties eventually reached a settlement, and an agreed order was approved by the trial court on April 15, 2014. That agreed order provided that certain owners of property immediately along the shoreline of Webster Lake reserved the right to appeal the trial court's interlocutory order deeming the easement to be appurtenant. For clarification, the Appellants in this case are on-shore owners of land adjacent to Webster Lake (herein referred to as "Appellants"), and the Appellees are persons who own land off-shore at Epworth Forest and wish to benefit from the easement (herein referred to as "Appellees").

# Discussion and Decision

## I. Standard of Review

[6] The trial court's interlocutory order declaring the easement to be an easement appurtenant was entered as a partial summary judgment, and the parties agree that this court's approach to summary judgments offers the appropriate standard of review. When reviewing a trial court's entry of summary judgment, we apply the same standard as the trial court. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The appellant has the burden of demonstrating that summary judgment was erroneous. *Amaya v. Brater*, 981 N.E.2d 1235, 1239 (Ind. Ct. App. 2013), *trans. denied*.

## II.    Type of Easement

The parties dispute whether the easement created by the Epworth Forest plat in 1923 and addressed by the 1994 Judgment is appurtenant or in gross. An appurtenant easement is one which "passes with the dominant tenement by conveyance or inheritance." *Larry Mayes Sales, Inc. v. HSI, LLC*, 744 N.E.2d 970, 973 (Ind. Ct. App. 2001) (citation omitted). An appurtenant easement inheres in the land, concerns the premises, and is essentially necessary to its enjoyment. *Consolidation Coal Co. v. Mutchman*, 565 N.E.2d 1074, 1083 (Ind. Ct. App. 1990). In contrast, an easement in gross "is a mere personal right which cannot be granted to another person or transmitted by descent." *Larry Mayes Sales, Inc.*, 744 N.E.2d at 973 (citation omitted). "An easement is never presumed to be in gross when it can be fairly construed to be appurtenant to the land." *William C. Haak Trust v. Wilusz*, 949 N.E.2d 833, 835 (Ind, Ct. App. 2011) (quoting *Sanxay v. Hunger*, 42 Ind. 44, 48 (1873)) (internal quotation marks omitted).

When construing an instrument granting an easement, the trial court must give effect to the intent of the instrument's creator. *Rennaker v. Gleason*, 913 N.E.2d 723, 729 (Ind. Ct. App. 2009). When the provision creating the easement is ambiguous, the trial court may consider the circumstances surrounding the property, the parties, and the creation of the instrument to determine intent. *Id.* at 730. It seems that the 1994 Judgment included an attempt by the trial court

to determine the intent of the Conference at the time the easement was created,[1] and thus that judgment is integral to our decision here.

[9] The trial court's 1994 Judgment concluded that the on-shore owners had fee simple title to their respective portions of the shoreline "subservient in all cases to a littoral use in favor of the dominant right to a littoral use in favor of the Conference and the off-shore owners . . . ." Appellant's App. at 94. The trial court later concluded

> the land vested in the parties lying between their designated lots and the lakeshore are each burdened, as a subservient tenement, with an easement reserved by the plat in favor of [the Conference], for its own use and the use of off-shore owners being the owners of lots in the plat at Epworth Forest not lying upon or adjoining the littoral or upon the lake.

*Id.* at 96. As to the scope and purpose of the easement, the 1994 Judgment stated that "[t]he easement was reserved for the purpose of maintaining a promenade for the enjoyment of all residents of the plat, their guests, the Conference and its guests and attendees." *Id.* at 95.

[10] Appellants urge that the plat established an easement in gross that created only a personal right to the Conference. However, the trial court's 1994 Judgment, which construed the plat after a three week-trial and legal argument on the matter, is inundated with references not only to the Conference but also to the

---

[1] In reference to the easement, the 1994 Judgment stated the "[plat] language must be construed in light of the apparent intention of the proprietors of the plat, not only objectively, looking at the words alone, but also in view of the acts and practices of the parties which might give meaning to that phraseology." Appellant's App. at 92.

rights of off-shore owners and the benefits guaranteed to them by creation of the easement. All of that language is indicative of an appurtenant easement. Considering the trial court's extensive findings and conclusions concerning the plat and the law's preference for appurtenant easements, we conclude that the trial court properly determined the easement is appurtenant. Appellants have failed to demonstrate that the trial court's decision was erroneous.

# Conclusion

[11] Concluding the Appellants have failed to demonstrate that the trial court's finding of an appurtenant easement was erroneous, we affirm.

[12] Affirmed.

Bailey, J., and Brown, J., concur.