# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 20 2016, 9:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

George Sistevaris
Fort Wayne, Indiana

ATTORNEY FOR APPELLEES

Stephen L. Fink
Barnes & Thornburg, LLP
Fort Wayne, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James H. Calkins and Walnut Hills Development, LLC, *Appellants-Defendants,* v. James Leto and Colony Bay Apartments, LLC, *Appellees-Plaintiffs.* | May 20, 2016 Court of Appeals Case No. 02A03-1511-CT-1849 Appeal from the Allen Superior Court The Honorable Stanley A. Levine, Judge Trial Court Cause No. 02D03-1206-CT-283 & 02D01-1310-CT-475 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellants-Defendants, James H. Calkins (Calkins) and Walnut Hills Development, LLC (Walnut Hills) (collectively, Appellants), appeal the trial court's summary judgment in favor of Appellees-Plaintiffs, James Leto (Leto) and Colony Bay Apartments, LLC (Colony Bay Apartments), holding that the Encroachment Agreement is valid.

We affirm.

## ISSUES

Walnut Hills raises two issues on appeal, which we restate as follows:

(1) Whether the appurtenant easement granted pursuant to the Encroachment Agreement includes the right to maintain the light poles; and

(2) Whether the appurtenant easement was extinguished by the doctrine of merger.

## FACTS AND PROCEDURAL HISTORY

Colony Bay Apartments is an Indiana limited liability company owned by Leto, which represents a multifamily apartment complex in Fort Wayne, Indiana. Walnut Hills owns a parcel of land immediately north of the Colony Bay Apartments' complex. On May 14, 1987, Colony Bay, an Ohio general partnership unrelated to Colony Bay Apartments, owned the Colony Bay Apartments and entered into an Encroachment Agreement with Sanford Simon

(Simon), the trustee of a trust which then owned Walnut Hills. The Encroachment Agreement provides:

> WHEREAS, Colony Bay has constructed a multi-family apartment complex on Colony Bay Apartment Parcels and through error and mistake a portion of the parking area and tennis court encroach over and upon a portion of the Trustee's Parcels and Colony Bay's Adjacent Parcels as shown on the Survey; and
>
> WHEREAS, Colony Bay desires to obtain from Trustee the right to use and maintain said encroachments as hereinafter provided;
>
> . . .
>
> 2. Each party hereto, jointly and severally, consents to and expressly agrees to permit and to remain the Encroachments by Colony Bay onto the Trustee's Parcels and Colony Bay's adjacent Parcels as shown on the Survey for the purpose of providing parking, driveway access and a tennis court which encroach upon Trustee's parcels, and on Colony Bay's Adjacent Parcels, and for the right to maintain, repair and replace the parking areas, driveways and tennis court which comprise the Encroachments[.]
>
> 3. This Agreement is a perpetual easement agreement and shall run with the land for the benefit of the real property shown on the Survey and with the respective parcels into which the same is now or may hereinafter be divided or set apart by grant, mortgage, subdivision or otherwise[.]

(Appellant's App. pp. 66-67). The Survey attached and incorporated into the Encroachment Agreement depicts twenty-two parking spaces and four light

poles with electrical lines located just north of the Colony Bay Apartments' north property line.

On August 21, 2012, Colony Bay Apartments filed its Complaint against Calkins asserting, as one of its allegations, criminal trespass because Calkins' placement of boulders on the parking spaces located within the encroachment parcel interfered with Colony Bay Apartments' possession and use of the encroachment area, and requesting an injunction. On October 29, 2013, under a separate cause, Walnut Hills filed a Complaint against Colony Bay Apartments and Leto, requesting a declaratory judgment with respect to the validity of the Encroachment Agreement. Both causes were consolidated on August 18, 2014. On September 4, 2014, Colony Bay Apartments and Leto filed a motion for summary judgment against Appellants, seeking a declaration that the Encroachment Agreement is valid and granted an "exclusive right to park motor vehicles in the area depicted in the Encroachment Agreement and the right to maintain the utility poles and lighting depicted in the Encroachment Agreement." (Appellants' App. p. 93). Appellants filed a memorandum in opposition, claiming that the Encroachment Agreement was extinguished by merger. On July 20, 2015, the trial court issued its summary judgment, finding as a matter of law, that there is no genuine issue of material fact that the Encroachment Agreement is valid. The trial court declared that

> 1) The Agreement creates an easement appurtenant in favor of the owner of Colony Bay Apartments; 2) the Agreement grants to the owners of Colony Bay Apartments the right to park motor vehicles in the area depicted in the Agreement and the right to

maintain the utility poles and lighting depicted in the Agreement;
3) Calkins may not interfere with the use of the parking area
depicted in the Agreement by the tenants of the owner of Colony
Bay [Apartments].

(Appellants' App. p. 20).

Appellants now appeal. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Standard of Review*

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). "A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth . . . , or if the undisputed facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009).

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-

moving party. *Id.* at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.* When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id.* Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id.*

[9] We observe that in the present case, the trial court entered elaborate findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight unto the trial court's rationale for its review and facilitate appellate review. *Id.*

## II. *Encroachment Agreement*

[10] Appellants contend the trial court erred in finding that the Encroachment Agreement, which established an appurtenant easement, included a right to maintain the light poles on the servient estate. An appurtenant easement is an easement which "passes with the dominant tenement by conveyance or inheritance." *Larry Mayes Sales, Inc., v. HSI, LLC*, 744 N.E.2d 970, 973 (Ind. Ct. App. 2001). "An appurtenant easement infers in the land, concerns the premises, and is essentially necessary to its enjoyment." *Consolidated Coal Co. v.*

*Mutchman*, 565 N.E.2d 1074, 1083 (Ind. Ct. App. 1990), *reh'g denied*. "[I]n construing an alleged creation of an easement through a grant or reservation, no particular words are necessary; any words which clearly show the intention to give an easement are sufficient." *Larry Mayes Sales, Inc.*, 744 N.E.2d at 973 (citing *Tanton v. Grochow*, 707 N.E.2d 1010, 1013 (Ind. Ct. App. 1999)). However, in an instrument creating an express easement, the dominant and servient tenement should be described with reasonable certainty. *Oakes v. Hattabaugh*, 631 N.E.2d 949, 951 (Ind. Ct. App. 1994), *reh'g denied, trans. denied*. Nevertheless, an easement may be valid if the document adequately describes the dominant and servient estates even though it does not specifically use the terms "dominant estate" and "servient estate" in the document. *Tanton*, 707 N.E.2d at 1013.

[11] The Encroachment Agreement clearly describes—and the parties do not contest—an appurtenant easement in favor of Colony Bay Apartments, with the servient estate being certain areas of Walnut Hills. It designates the encroached upon area and included rights to maintenance, repair, and replace. The Agreement incorporates a Survey pictorially depicting the dominant and servient estates and references the owner of the servient parcel by name.

[12] Appellants' main argument focuses on the maintenance of the light poles located on the servient estate. Specifically, they allege that the appurtenant easement is limited to the parking lot only and does not grant Colony Bay Apartments the right to maintain the four light poles located on the parking lot.

[13] It is well established that easements are limited to the purpose for which they are granted. *McCauley v. Harris*, 928 N.E.2d 309, 314 (Ind. Ct. App. 2010), *reh'g denied, trans. denied*. The owner of the dominant estate possesses all rights necessarily incident to the enjoyment of the easement. *Panhandle E. Pipe Line Co. v. Tishner*, 699 N.E.2d 731, 739 (Ind. Ct. App. 1998). The dominant estate holder may make repairs, improvements, or alterations that are reasonably necessary to make the grant of the easement effectual. *Id*. "All rights necessarily incident to the enjoyment of the easement are possessed by the owner of the dominant estate, and it is the duty of the servient owner to permit the dominant owner to enjoy his easement without interference." *Id*. The servient owner "may not use his land as to obstruct the easement or interfere with the enjoyment thereof by the owner of the dominant estate." *Id*. Moreover, the owner of the dominant estate cannot subject the servient estate to extra burdens, any more than the holder of the servient estate can materially impair or unreasonably interfere with the use of the easement. *Klotz v. Horn*, 558 N.E.2d 1096, 1100 (Ind. 1990).

[14] Not only did the Encroachment Agreement specifically confer "the right to maintain, repair and replace the parking areas[,]" the Agreement also pictorially indicated on the Survey, attached to the Agreement, that the parking areas included the four light poles. (Appellants' App. p. 77)[1]. Because we conclude

---

[1] In their reply brief, Appellants assert that Colony Bay Apartments is relying on a later survey to support its argument that the survey references the light poles. We agree that the survey conducted in 2004 is more detailed than the original Survey attached to the Encroachment Agreement; nevertheless, the original Survey

that the Encroachment Agreement was decisive of its inclusion of the light poles on the Survey, the enjoyment of the easement necessarily comes with the right to maintain the lights. *See Panhandle E. Pipe Line Co.*, 699 N.E.2d at 739. Accordingly, Appellants cannot interfere with Colony Bay Apartments' easement rights.

### III. *Merger*

Next, Appellants maintain that the Encroachment Agreement was extinguished through the doctrine of merger. Specifically, Appellants argue that there is evidence that Siara Management Ltd. owned both the servient and dominant estates in 2003 and points to the filing of two small claims court actions wherein Siara Management Ltd. is listed as the plaintiff. Therefore, Appellants conclude the easement ceased to exist because the ownership of both parcels was merged in hands of the same owner.

An appurtenant easement "may be extinguished by release from the owner of the dominant to the owner of the servient estate, and by merger of the two estates under the same title in the same person." *Kammerling v. Grover*, 36 N.E. 922, 923 (Ind. Ct. App. 1894). Colony Bay Apartments offered the trial court the Affidavit of Daniel J. Holden, the Commercial Manager/Attorney at Fidelity National Title Company (Holden). Holden performed a search of the

---

also depicts and makes an annotation to four "pole w/ light (typical)" and the "overhead electrical service line." (*See* Appellants' App p. 77 vs. Appellants' App. pp. 175-79).

Allen County Recorder's office to determine the chain of title of the two parcels of real estate. Based upon his search, Holden concluded that "at no time from May 14, 1987 to February 13, 2015 were the Colony Bay [Apartments] parcel and the Walnut Hills [p]arcel owned by the same individual or entity." (Appellants' App. p. 254). Specifically, from March 11, 1971 till October 6, 2003, Walnut Hills was owned by Simon. Thereafter, the property was owned by Siara Management Ltd. until November 18, 2009, when it was recorded as owned by TCO Assets Land, LLC. On March 11, 2011, Walnut Hills Development LLC acquired the parcel. On the other hand, Holden's research revealed that Colony Bay, an Ohio general partnership, recorded its deed to the Colony Bay Apartments' real estate on March 30, 1972. On November 1, 2004, Leto acquired the parcel until May 2, 2007, when ownership was transferred to Colony Bay Apartments.

[17] Moreover, even the evidence referred to by Appellants defeat their own argument of joint ownership. The small claims court filings submitted by Walnut Hills in support of its allegation include a copy of the lease agreement in which Siara Management, Ltd. is listed as the company managing the Colony Bay Apartments. At no point is Siara Management, Ltd. listed as the owner of the parcel.

[18] Because "[r]ecord title is the highest evidence of ownership, [and] not easily defeated[,]" we conclude that there is no material issue of fact supporting Walnut Hills' contention that both parcels were owned by the same entity at some point after the execution of the Encroachment Agreement. *McCarty v.*

*Sheets*, 423 N.E.2d 297, 300 (Ind. 1981). Therefore, the doctrine of merger does not apply and the appurtenant easement is not extinguished.

## CONCLUSION

[19] Based on the foregoing, we conclude that there is no issue of material fact that the easement granted pursuant to the Encroachment Agreement included the right to maintain the light poles; and the easement is not extinguished by the doctrine of merger.

[20] Affirmed.

[21] Kirsch, J. and Pyle, J. concur