## VANATTA ET AL. v. WATERHOUSE ET AL.

[No. 4,715.   Filed May 24, 1904.   Rehearing denied October 12, 1904. ]

PLEADING.—*Absence of Prayer for Judgment.*—Where a complaint in an action to establish plaintiff's right to use a highway states a cause of action in other respects, it is not bad against a demurrer because of the absence of a prayer for judgment.  *p. 519.*

DEEDS.—*Agreement to Construct Highway.*—Where the principal consideration for the execution of a deed was the opening and construction of a highway adjacent to the land conveyed, the failure of the grantee to construct the highway did not deprive the grantor of the right to use the same.  *pp. 519, 520.*

SAME.—*Agreement to Construct Highway.*—Where part of the consideration for the execution of a deed was the construction of a "passable highway" for "public utility," the parties contemplated that the way should be suitable to the particular locality.  *p. 520.*

From Superior Court of Allen County; *J. H. Aiken,* Judge.

Action by Amelia Waterhouse and another against John C. Vanatta and others.  From a judgment for plaintiffs, defendants appeal.  *Affirmed.*

*R. P. Davidson* and *Allen Boulds,* for appellants.
*Wilmer Leonard* and *Elmer Leonard,* for appellees.

ROBINSON, J.—In 1889 appellees owned certain land in Allen county, described as follows:  Commencing at a point on the west line of lot four in Well's Reserve, township thirty north, range twelve east, fifty-six feet south of the northwest corner of the lot; thence south to a point where the west line of lot four intersects the west line of Spy Run avenue; thence northeast along the avenue to a point fifty-six feet south of the north line of lot four;

thence to the beginning—being a wedge-shaped piece of land lying west of and adjoining Spy Run avenue. John A. Bossler owned the south half of lot five, lying west of and adjacent to appellees' land. In 1892, appellees desiring to secure sufficient land out of lot five west of the north portion of the wedge-shaped tract to make the same square, so it could be platted, and Bossler desiring to secure the south end of the wedge-shaped tract adjacent to Spy Run avenue, it was agreed between the parties that appellees would convey to Bossler the end of the wedge-shaped tract, and, in consideration thereof, Bossler agreed to convey to appellees a tract lying west of and adjacent to the remaining part of appellees' land. As a further consideration for such transfer, the parties agreed that Bossler would furnish sufficient dirt from his remaining land to fill appellees' lot; that Bossler "further agreed that he would open, establish, and maintain a highway south of, along, and adjacent to the south side of said plaintiffs' lot, after said transfer had been made, running from the west line of Spy Run avenue to and intersecting an alley twelve feet wide west of, along, and adjacent to the west line of plaintiff's lot or tract, and also agreed that he would open an alley twelve feet wide west of, along, and adjacent to the west line of plaintiffs' land, the highway to be of equal grade of that of Spy Run avenue, and to be filled up within five years from the date aforesaid by Bossler." In pursuance to this agreement the deeds were made, and were afterwards delivered as concurrent acts. Bossler's deed contained a provision about the furnishing of dirt from his land to fill appellees' lot, and agreed "to maintain a passable highway south of and adjoining grantee's land to intersect Spy Run avenue and to be of equal grade and to be so built up within five years from this date; also lay out and maintain an alley on the west line of grantor's land at least twelve feet in width, both street and alley for public utility, together with all privileges and appurtenances to

the same belonging." One of the principal considerations passing for the transfer to appellee was that Bossler would establish a public highway adjacent to the south line of their property, and open an alley twelve feet wide on the west, intersecting such street, which was so understood and intended by all the parties. After the execution of the deeds, Bossler began filling the highway, but never completed it. After the deeds were made, appellees filled the strip of land to the desired height, and have since sold two lots, being the middle portion; still owning a lot on the north end of the property and a lot thirty feet wide on the south end adjacent to the highway. In 1898 Bossler conveyed his adjacent land to appellant Vanatta, reserving a highway for public purposes along the south side and adjacent to appellees' land, and an alley twelve feet wide along the west side of appellees' land. At the time of the exchange of the tracts by Bossler and appellees, it was the understanding and agreement that there should be a public highway along the south side and adjacent to appellees' land, running west to, and intersecting with, an alley twelve feet wide, which alley was to be established and maintained on the west line of appellees' land; that Bossler was to fill the highway, which was below the level of the street, to the level of Spy Run avenue. The width of the highway had never been fixed or agreed upon, but Bossler represented to various persons that there was a public highway at that place, and sold lots with reference to such highway; that before Vanatta purchased the land Bossler informed Vanatta of the highway and alley, and informed him of the fact that the reservations were made for and in behalf and for the use of appellees, and informed him of the consideration for the same. There is no way of ingress or egress to and from the rear of appellees' lots, except over a road from Spy Run avenue along the south side of appellees' lots to the alley. A road or street, to be of any benefit to appellees' property, would necessarily have to

be of a width of thirty feet, and the alley twelve feet. Vanatta, when he purchased the land of Bossler, knew of the reservation to appellee of the highway and alley, and that it was the intention of Bossler to establish the same, but refuses to permit the opening or use of the highway and alley, and threatens to and will close the same unless restrained. The alley has been and is used, but only a part of the highway is used.

As conclusions of law upon the foregoing special finding of facts, the court stated that appellee is entitled to have opened and established, and to the uninterrupted use of, the street or highway and alley; that a reasonable width of such street is thirty feet; and that appellants should be restrained from interfering with appellees' free use of the street and alley.

The amended complaint is in two paragraphs. The action is not for specific performance, but the theory of the pleading seems to be to establish appellees' right to use a highway or street, and also an alley on the south and west sides, respectively, of their land, which they claim to have purchased. The first paragraph contains no prayer for judgment, but, as this is a matter of form, the want of it where a cause of action is stated is not reached by a demurrer. *Lowry* v. *Dutton,* 28 Ind. 473.

As it does not appear that the findings contain anything outside the issues presented by the pleadings, the questions presented as to the pleadings and the conclusions of law upon the findings may be considered together. It is stated in appellants' brief that the right to the alley is not controverted. By the pleadings and by the facts found when the deeds were made and exchanged appellees became entitled to "a passable highway south of and adjoining" their lands, to intersect Spy Run avenue. The deed recites that Bossler was to maintain such a highway, which was to be of equal grade with the street. The findings show this to have been one of the principal considerations for the transfer, that a

highway of undefined width was opened, that Bossler partially filled the highway as he had agreed, and that six years later, when he made a second deed to appellees, to correct a mistake made in the description of the land, it was stipulated that all the conditions in the first were to remain in full force and effect. The exchange of the deeds in effect established a highway along and adjacent to appellees' land. The width of the way was left undetermined. But nothing less could have been contemplated by the parties than a way sufficient for the purposes for which it was manifestly opened; and the court finds that in order to be of any value or benefit to appellees' property that passed by the exchange of the deeds the way would necessarily have to be thirty feet wide.

It is true, Bossler was to fill the way and bring it to the level of the street within a certain time. But this cannot be held to mean that appellees did not have the right to use the way upon the exchange of deeds. Neither Bossler, nor his grantee with notice, can derive any benefit from his failure to perform one of the conditions contained in his deed. The width of the highway was not specified in the deed. It was to be a "passable highway," and for "public utility." The parties must have contemplated that the way should be suitable to the particular locality, and the court finds that, to be of any benefit to appellees' property, the way would have to be thirty feet wide.

The court's decree does not direct anyone to establish and open a highway. It is true, the conclusions of law and the decree state that appellee is entitled to have opened and established, and to the uninterrupted use of, a highway; but the effect of the decree is that she is entitled to a highway along her land, which right accrued to her upon the exchange of deeds, and that this highway, which was of undefined width, should be thirty feet wide.

It is also argued that the finding is not sustained by sufficient evidence. Although appellants have failed to

comply with the fifth subdivision of rule twenty-two of this court, yet an examination of the record discloses that there is evidence to support the court's finding.

Judgment affirmed.