ROBERT R. JEFFERS AND MARJORIE E. JEFFERS *v.* ROBERT
TOSCHLOG, RHEA TOSCHLOG, D/B/A GREENS
FORK ELEVATOR CO.

[No. 1-1276A234. Filed December 26, 1978.]

*Douglas Norris, Feemster & Norris,* of Cambridge City, for appellants.

*Ronald L. Cross, Reller, Mendenhall, Kleinknecht & Milligan,* of Richmond, for appellees.

### *STATEMENT OF THE CASE*

LOWDERMILK, J. — Plaintiffs-appellants Robert R. Jeffers and Marjorie E. Jeffers (the Jeffers) appeal after the Wayne Superior Court No. 1 entered judgment in favor of defendants-appellees Robert Toschlog and Rhea Toschlog (the Toschlogs) in a dispute concerning an easement across the Jeffers' real property.

We affirm.

### *FACTS*

The Jeffers own real property on the east side of South Main Street in Greens Fork, Indiana. In 1966 the Toschlogs purchased an "L" shaped lot adjoining the Jeffers' property on the north and east boundaries and fronting on the east side of South Main Street. The Jeffers filed suit in 1972 to quiet title and to enjoin the Toschlogs from using a driveway located over the south boundary of the Jeffers' property. The Toschlogs counterclaimed to quiet title in themselves and to enjoin the Jeffers from interfering with the Toschlogs' use of the driveway. The trial court entered judgment recognizing an easement across the Jeffers' property for the benefit of the Toschlogs' property and enjoining the Jeffers from interfering with the Toschlogs' use of the easement.

## ISSUES

The Jeffers list three issues for review:

1.   Did an easement over the Jeffers' property pass to the Toschlogs from the Toschlogs' predecessors in title?

2.   If an easement was created by grant, was it abandoned?

3.   Did the Toschlogs and their predecessors in title establish an easement by adverse possession?

## DISCUSSION AND DECISION

*Issue One*

The Jeffers contend that any easement granted by their predecessors in title to the Toschlogs' predecessors in title were easements in gross and not easements appurtenant to the land.

An easement is appurtenant if it passes with the dominant tenement by conveyance or inheritance. An easement is in gross if it is a mere personal right which cannot be granted to another person or transmitted by descent. *Brown v. Heidersbach* (1977), 172 Ind.App. 434, 360 N.E.2d 614. When the court is called upon to construe instruments creating easements, it must discover and give effect to the intentions of the parties. *GTA v. Shell Oil Co.* (1977), 171 Ind.App. 647, 358 N.E.2d 750.

By warranty deed dated April 10, 1907, Jesse Horney, the owner of the real estate now owned by the Jeffers and the Toschlogs, conveyed the northern portion of his real estate (now owned by the Toschlogs) to Wayne County Lumber Company. That deed included the following provision:

> "Said Jesse Horney hereby conveys to Wayne County Lumber Company the right of ingress and egress for teams and wagons in conducting their business through an open driveway along the South line to South Main Street."

Witness Davis testified that prior to 1907, the driveway had been used as a private driveway. After 1907, the driveway was used by people going to and coming from the lumber company.

Horney died owning the balance of the real estate. He never executed a deed which would indicate his intention as to whether he meant to make his property a servient estate permanently or only for so long as Wayne County Lumber Company owned the adjoining property. In 1930 Wayne County Lumber Company conveyed its real estate to Greens Fork Lumber Company with a quit claim deed which included the following provision:

"With the right to Greensfork Lumber Co. of ingress and egress for teams and vehicles in conducting their business through an open driveway or alley along his South line to South Main Street."

Obviously, Wayne County Lumber Company believed that it had an easement appurtenant to the land, for an easement in gross cannot be transferred.[1]

In 1925 Fred A. Hines took title to the real estate now owned by the Jeffers. Mr. Hines and his wife executed a quit-claim deed in 1940 to Greens Fork Lumber Company, which included the following provision:

"Within this description is conveyed to Greens Fork Lumber Company the right of ingress and egress of teams and vehicles in conducting their business through an open drive way or alley along the South line of this property to South Main Street."

Fred Hines stated in his deposition that he merely signed the deed because he was asked to do so. His testimony does not reveal that he had any intention, one way or the other, as to whether the easement was in gross or appurtenant to the land.[2] When Greens Fork Lumber Company conveyed its real estate to Cambridge Lumber Company in 1943, the deed made reference to the right of ingress and egress through the driveway on the Jeffers' property. Greens Fork Lumber Company, therefore, intended for the easement to be appurtenant to the land.

An easement will not be presumed to be in gross when it can be construed fairly to be appurtenant to the land. *Sanxay v. Hunger* (1873), 42 Ind. 44.

1. *Brown v. Heidersbach* (1977), 172 Ind.App. 434, 360 N.E.2d 614.

2. The Jeffers repeatedly state that Hines testified he received no consideration for the quit-claim deed. Mr. Hines testified that he could not remember whether he received any consideration.

The trial court found that the 1907 deed of Jesse Horney created an easement appurtenant to the land, or that the deed of Fred Hines was an alternative source of an easement appurtenant to the land. We cannot say that the trial court erred. The deed from Horney and the deed from Hines were written to "convey" the right of ingress and egress. The only evidence concerning the intentions of the people involved in the transactions supports the conclusion that an easement appurtenant to the land was intended.

The Jeffers emphasize that certain deeds in the Toschlogs' chain of title omit reference to the easement or refer to it, arguably, in an erroneous manner.

If an easement is appurtenant to the land, and we have held in this case that the evidence is sufficient to sustain such a conclusion, a deed of conveyance for the dominant estate need not expressly mention the easement in order to convey it. *Parish v. Kaspare* (1887), 109 Ind. 586, 10 N.E. 109. The conveyance of the dominant estate carries the easement along with the dominant estate. *Ross v. Thompson* (1881), 78 Ind. 90. We hold that, because the easement was appurtenant to the land, the Toschlogs gained the use of the easement when they took title to the dominant estate, regardless of errors which may have been made in the preparation of deeds held by the Toschlogs' predecessors in title.

*Issue Two*

The Jeffers argue that any easement created by deed was abandoned during later years.

The evidence is in conflict concerning the use of the easement by Toschlogs' predecessors in title. Accordingly, we must respect the determination made by the trial court that the easement was not abandoned. Furthermore, an easement created by grant is not generally lost by mere nonuse. *GTA v. Shell Oil Co.* (1977), 171 Ind.App. 647, 358 N.E.2d 750; *Seymour Water Co. v. Lebline* (1924), 195 Ind. 481, 144 N.E. 30, *reh. den.,* 195 Ind. 481, 145 N.E. 764.

The evidence shows that a fence was constructed approximately six feet from the Jeffers' property line, and had been there for forty years.

The trial court decreed that the Toschlogs could move the fence so that the easement would be eleven feet wide. The Jeffers insist that, if the easement was ever that wide, they had gained, by adverse possession, the land separated from the driveway by the fence.

The easement was created for the purpose of permitting vehicles to pass through the driveway. No width of the easement was stated. The trial court had authority to construe the easement provision in a manner which would carry out the intentions of the parties. The trial court determined that the easement would have to be eleven feet wide in order to permit the passage of vehicles. The trial court did not err. *Vanatta v. Waterhouse* (1904), 33 Ind.App. 516, 71 N.E. 159.

*Issue Three*

The trial court found that the Toschlogs and their predecessors in title had established an easement by prescription, regardless of whether or not an easement appurtenant to the land had been created by either of the earlier deeds.

In order to prove the existence of a prescriptive easement, the evidence must show actual, hostile, open, notorious, continuous, uninterrupted, and adverse use for twenty years under claim of right, or such continuous adverse use with knowledge and acquiescence of the owner. *Searcy v. LaGrotte* (1978), 175 Ind.App. 498, 372 N.E.2d 755.

The Jeffers argue that there is a total absence of evidence to prove that use was continuous and uninterrupted, or that it was notorious.

The existence or non-existence of a prescriptive easement presents a question of fact. *Searcy v. LaGrotte, supra.*

The Jeffers acknowledge that Greens Fork Lumber Company had a right to use the driveway; the Jeffers contend that the easement was in gross, however, and could not be transmitted by Greens Fork Lumber Company. Use of the easement was not adverse, therefore, until Greens Fork Lumber Company conveyed its property in 1943.

Mr. Jeffers acknowledged that continuous use had been made of the driveway for the benefit of the adjoining property from 1935 until 1956,

and after 1966. His argument is directed only to the period from 1956 through 1966. During that period, Robert Quigley and wife owned the adjoining property.

Mr. Jeffers commenced locking the gate across the driveway in 1956. Witness Davis testified that vehicles continued to use the driveway after Jeffers took this action. Robert Quigley stated that he used the driveway for access to his property during the period from 1956 through 1966. Mr. Jeffers testified that he was aware of use of the driveway during that period. He stated that he did not confront Robert Quigley concerning the matter, however, because Quigley "was too hot-headed."

The evidence in the record is sufficient to prove continuous use of the easement for twenty years, with the knowledge of the Jeffers.

The Jeffers have presented cogent arguments and have cited evidence which supports those arguments. Each issue presented, however, involves questions of fact; the evidence adduced at trial is conflicting. The trial court, not this court, has authority to determine credibility of witnesses and to weigh evidence. This court cannot disturb a judgment which is sustained by sufficient evidence, even if the evidence would have supported a contrary result. Having carefully considered each issue raised, we hold that the evidence is sufficient to sustain the judgment entered by the trial court.

Judgment affirmed.

Lybrook, P.J., concurs.

Young, J. (Participating by designation) concurs.

NOTE—Reported at 383 N.E.2d 457.