George F. KOPETSKY, Appellant–Plaintiff,

v.

Marjorie J. CREWS, Charles L. Kragen, Raymond Cragen, Delbert Cragen, Jane Cragen, Joe W. Creage, Jeffrey D. Bennett, and Lisa D. Bennett Appellees–Defendants.

No. 55A05–0502–CV–59.

Court of Appeals of Indiana.

Dec. 13, 2005. '

Mark R. Galliher, Craig D. Doyle, Joanne B. Friedmeyer, James L. Shoemaker, Doyle & Friedmeyer, P.C., Indianapolis, for Appellant.

John Emry, Franklin, for Appellees.

## OPINION

VAIDIK, Judge.

### Case Summary

George Kopetsky appeals the trial court's determination that he holds not an express access easement but only a prescriptive access easement limited to agricultural and recreational purposes over a portion of the property owned by Jeffrey and Lisa Bennett. Finding that Kopetsky holds an express easement permitting access to his property for any purpose, we reverse.

### Facts and Procedural History

This case involves neighboring properties in Morgan County, Indiana. *See* Figure A, next page. Specifically, we are concerned with two parcels of land, the first owned by George Kopetsky and the second by Jeffrey and Lisa Bennett ("the Bennetts"). Kopetsky's property, comprising some 162 acres, is situated directly north of the Bennetts' property. New Harmony Road runs in a north-south direction along the east side of the Bennetts' property and curves to the east where the northeastern corner of the Bennetts' property meets the southeastern corner of Kopetsky's property. A thin strip at the far northeast corner of the Bennetts' land (hereinafter "Tract C") runs along the side of the road and comes between the road and Kopetsky's land. Kopetsky's land has historically been accessed by a drive across Tract C, which is now owned by the Bennetts; thus, this appeal turns on the parties' parcels of land and of the access drive to Kopetsky's land.

Figure A. (not to scale).

Until 1967, Kenneth and Harriett Boner ("Kenneth and Harriett") owned all of this adjoining land. Kenneth and Harriett conveyed the land now owned by the Bennetts to Gary and Mary Frances Boner ("Gary and Mary") via two deeds, respectively dated September 1967 ("the 1967 Deed") and February 1972 ("the 1972 Deed"). By the 1967 Deed, Kenneth and Harriett conveyed to Gary and Mary a tract of property measuring 343.5 feet by 750 feet, located thirty-five feet south of the present Kopetsky tract. The 1967 Deed contained the following limitation:

Subject to all legal rights-of-way and subject to a dedication out of the northeast corner of this described tract that is 50 feet square, said dedication being for the purpose of future public road entrance to a tract immediately north of this described tract.

Appellant's App. p. 100. This offer of dedication was never accepted by Morgan County or any other public authority with the power of acceptance.

Under the 1972 Deed, Kenneth and Harriett conveyed three additional small tracts to Gary and Mary, including "Tract A," a thirty-five foot strip along the north side of the 1967 tract and abutting what is now the Kopetsky tract; "Tract B," the area of fifty square feet referenced in the dedication clause from the 1967 Deed; and Tract C, detailed above. *See id.* at 103–04. Because this conveyance would otherwise prevent Kenneth and Harriett from accessing their remaining land, which lay just north of that which they deeded to Gary and Mary and which now belongs to Kopetsky, Kenneth and Harriett reserved an access easement partially crossing each of the three tracts, described as follows:

> Tracts A.B. and C are subject to the following described Access Easement, which the Grantors herein reserve:
>
> A part of the Northwest quarter of the Southwest quarter and a part of the Northeast quarter of the Southwest quarter of Section 1, Township 12 North, Range 2 East of the Second Principal Meridian, in Morgan County, Indiana more particularly described as follows:

[legal description of easement omitted]. *Id.* at 104. It is undisputed that this easement provided for the only access to Kenneth and Harriett's remaining land.

In 1974, Gary and Mary deeded all of the land they received from Kenneth and Harriett to Robert and Virginia Wolf, who deeded the land to the Bennetts in 1997.

In the meantime, Kenneth and Harriett conveyed the land now owned by Kopetsky to four couples (the "Walters Group") in April 1977. Included in this deed was a conveyance to the Walters Group of the access easement referenced in the 1972 Deed described above. Also in this deed, Kenneth and Harriett granted an additional easement of a fifty-foot square east of Tract A.[1] The Walters Group improved the easement across the property now owned by the Bennetts by laying down a gravel roadway, which they and their tenants used to access the property. Jeffrey Bennett was aware of this use of the gravel drive over the easement area. In fact, the sales disclosure form used when the Bennetts purchased their land referenced an easement "for farmer." In a deed dated December 1999 ("the 1999 Deed"), the Walters Group conveyed all of their land, including the easements across Tracts A, B, and C, to Kopetsky. Kopetsky continued to use the gravel drive to access his land. The Bennetts never objected to the use of the easement by the Walters Group or, subsequently, by Kopetsky.

Seeking to establish a new subdivision using his property, Kopetsky filed an action in August 2002 against the Bennetts.[2]

---

1. This additional easement crosses land currently owned by a family referred to in the parties' briefs only as "the Millers." The Millers apparently do not contest Kopetsky's rights to the easement, and it is not subject to this or any other action. However, it should be noted that this easement alone does not provide Kopetsky's land with access to New Harmony Road; rather, this easement abuts a section of the easement across the Bennetts' property in an area set back from New Harmony Road.

2. Kopetsky's original claim was against a number of other landowners in the area and on a number of other claims, as well. How-

By his complaint, Kopetsky sought a declaratory judgment against the Bennetts stating that Kopetsky holds an express access easement across Tracts A, B, and C of the Bennetts' land and onto New Harmony Road. Kopetsky intends to utilize this easement to provide access to the new subdivision. The trial court issued its judgment and findings of fact in December 2004, ruling that the 1999 Deed was insufficient to convey an access easement to New Harmony Road across the Bennetts' land. In lieu of this asserted express easement, the trial court ruled that Kopetsky holds a prescriptive easement across Tracts A, B, and C limited to agricultural and recreational uses. This appeal now ensues.

### Discussion and Decision

Kopetsky raises two issues on appeal. First, he contends that the trial court erred in concluding that the 1999 Deed was insufficient to grant an express easement providing access to New Harmony Road over the Bennetts' property. Second, Kopetsky argues that, in the event he holds a prescriptive easement as opposed to an express easement, the prescriptive easement is not limited to agricultural and recreational purposes. Finding the first of these issues to be dispositive, we address only Kopetsky's claim that he holds an express access easement. We note at the outset that neither party contests the fact that each parties' deed falls within a chain of title traceable to Kenneth and Harriett.

Pursuant to Indiana Rule of Trial Procedure 52(A), the trial court issued special findings of fact and conclusions of law in this case. When reviewing a judgment based on such findings, this Court must determine first, whether the evidence supports the findings, and second, whether the findings support the judgment. *Ratliff*

*v. Ratliff,* 804 N.E.2d 237, 244 (Ind.Ct.App. 2004). This Court may set aside findings of fact only if they are clearly erroneous. *Id.* Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. *Id.* In order to determine that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made. *Id.*

We do, however, review questions of law under a de novo standard of review and owe no deference to a trial court's legal conclusions. *St. Mary's Medical Ctr., Inc. v. McCarthy,* 829 N.E.2d 1068, 1072 (Ind.Ct.App.2005), *reh'g denied.* Thus, to the extent that the trial court interpreted facts stipulated into evidence or the legal significance of the parties' deeds, not ambiguous on their face, this Court must apply a de novo standard of review. In construing a deed, this Court must "regard the deed in its entirety, considering the parts of the deed together so that no part is rejected." *Larry Mayes Sales, Inc. v. HSI, LLC,* 744 N.E.2d 970, 972 (Ind.Ct.App.2001). The court's goal must be to ascertain the parties' intent and to give some meaning to every part of the document. *Id.*

Here, Kopetsky contends that the 1972 Deed included a valid easement appurtenant providing for unlimited ingress and egress from New Harmony Road across Tracts A, B, and C of what is now the Bennetts' land to what is now Kopetsky's land. The Bennetts argue that the conveyance of the easement failed because either: (1) Kenneth and Harriett, as grantors, no longer owned the land over which the easement passed at the time of the 1972 conveyance; or (2) the 1972 convey-

---

ever, with the exception of the dispute with the Bennetts regarding this easement, all other claims were satisfactorily resolved by the trial court proceedings.

ance was insufficient to describe the dominant tenement and so must fail. We address each of the Bennetts' arguments in turn.

## I. The Grantors Owned the Land Subject to the 1972 Easement

■ The Bennetts base their assertion as to ownership of the land at issue on the dedication of the fifty square feet of land (now Tract B) for use as a public road in the 1967 Deed. The parties agree that this dedication failed because no public authority ever accepted the offer of dedication as set forth in the deed. *See North Snow Bay, Inc. v. Hamilton,* 657 N.E.2d 420, 422 (Ind.Ct.App.1995) ("The two essential elements of a common law dedication are (1) an intent of the land owners to dedicate, and (2) an acceptance of the dedication by the public."). The Bennetts argue that, upon failure, the land offered for dedication became the property of the Bennetts' predecessors in title—Gary and Mary. If this is the case, the Bennetts contend that the later 1972 Deed cannot convey an easement across that property because Kenneth and Harriett did not own the land they attempted to convey as Tract B.[3] Kopetsky argues, on the other hand, that the land reverted back to Kenneth and Harriett when the dedication failed. If this is the case, the 1972 Deed conveying that fifty square feet to Gary and Mary as Tract B conveyed the land subject to the easement as set forth in that deed.

■ A proper analysis of this issue must take into account the intent of Kenneth and Harriett regarding the original dedication in the 1967 Deed. "The object of deed interpretation is to identify and implement the intent of the parties to the transaction as expressed in the plain language of the deed." *Parkison v. McCue,* 831 N.E.2d 118, 128 (Ind.Ct.App.2005) (quoting *Keene v. Elkhart Co. Park & Recreation Bd.,* 740 N.E.2d 893, 897 (Ind. Ct.App.2000), *reh'g denied* ). Whenever possible, we apply the terms of the deed according to their clear and ordinary meaning. *Id.* "We presume that the parties intended for every part of a deed to have some meaning, and we favor a construction that reconciles and harmonizes the entire deed." *Id.* Courts may resort to extrinsic evidence to ascertain the intent of the parties only where the language of the deed is ambiguous. *Id.* A deed is ambiguous if it is susceptible to more than one interpretation and reasonably intelligent persons would honestly differ as to its meaning. *Id.*

To discern the intent underlying the 1967 Deed, we must first turn to the instrument itself. The relevant portion reads as follows:

> Subject to all legal rights-of-way and subject to a dedication out of the northeast corner of this described tract that is 50 feet square, said dedication being for the purpose of future public road entrance to a tract immediately north of this described tract.

Appellant's App. p. 100. We find this language to be ambiguous because it is unclear with regard to ownership of the fifty-square-foot tract. If Kenneth and Harriett's intent was to convey the fifty square feet to Gary and Mary *subject to* a future use under the dedication, our analysis is similar to that employed for an easement whereby property is conveyed and another party enjoys rights only to the use of that

---

**3.** We find it important to clarify that even if the Bennetts were correct in this argument, only that portion of the 1972 easement crossing Tract B would be invalid. That portion extends, in a triangular fashion, about 20 feet into the larger easement. The Bennetts' argument here as to ownership of Tract B could not, even if correct, defeat the remainder of the larger easement.

property. In such a case, Gary and Mary received the property in the 1967 Deed and would have an absolute claim to the fifty square feet in fee simple absolute upon the failure of the dedication. If, however, Kenneth and Harriett's intent was to convey to Gary and Mary the tract of property *subject to* a reservation by Kenneth and Harriett of the fifty square feet of land for the purpose of making a dedication, then Kenneth and Harriett would have retained the fifty square feet since their offer was never accepted by the offeree; this land, then, would have transferred to Gary and Mary via the 1972 Deed, as Tract B.

In resolving this ambiguity, we need look no further than the 1972 Deed between the same two parties. In that instrument, the parties to this action agree that Kenneth and Harriett purport to convey the same fifty square feet of land referenced in the 1967 Deed to Gary and Mary as Tract B. *See id.* at 103. This demonstrates the intent of Kenneth and Harriett and of Gary and Mary with respect to the ownership of that portion of land under the dedication restriction of the 1967 Deed; by its subsequent transfer between the very same parties in the 1972 Deed, we can infer that those parties each intended that Kenneth and Harriett retain ownership of the tract under the 1967 Deed. The 1972 Deed served as a revocation of the offer of dedication and as a conveyance of the tract from Kenneth and Harriett to Gary and Mary. Having retained ownership of the land under the 1967 Deed, Kenneth and Harriett's 1972 creation of an easement crossing a portion of that land is valid.

## II. The Conveyance is Sufficient to Identify the Dominant Tenement

The 1972 Deed transferred Tracts A, B, and C to the Bennetts' predecessors subject to an access easement. However, that deed did not specifically indicate what parcel of land was to benefit from the easement, i.e., what parcel of land was the dominant tenement. The Bennetts cite *Mackiewicz v. Metzger,* 750 N.E.2d 812, 817 (Ind.Ct.App.2001), *trans. denied,* for the generally accepted proposition that "a document must identify with reasonable certainty the easement created *and the dominant and servient tenements* relative thereto." (Emphasis added); *see* Appellee's Br. p. 5. The Bennetts correctly note, and Kopetsky concedes, that although the 1972 Deed identifies the servient tenement to the easement, it does not include a description of the dominant tenement. However, Kopetsky contends that where, as here, the physical situation of two parcels leads to only one reasonable conclusion as to the identity of the dominant tenement, it is appropriate to consider that physical layout in construing a grantor's express reservation of an access easement. We agree with Kopetsky.

[10] Although Indiana law prefers that an instrument creating an express easement describe the dominant and servient tenements with reasonable certainty, an easement may be valid even though it does not use the particular terms "dominant" and "servient" in referring to the relevant estates. *Larry Mayes Sales,* 744 N.E.2d at 973. Our courts have recognized that the purpose of such a description in a deed "is not to identify the land but to furnish the means of identification." *Id.* (quoting *Tazian v. Cline,* 686 N.E.2d 95, 100 (Ind. 1997)); *see also* Ely & Bruce, The Law of Easements and Licenses in Land, § 2:3 (updated September 2005) ("It is sound conveyancing practice to identify the dominant estate in a deed, but generally this is not essential to the creation of an easement appurtenant.... [A]ppurtenance may be shown by facts extrinsic to the

instrument."). It stands to reason, then, that if we can identify the dominant tenement with reasonable certainty *based upon* the language of the deed, we are not required to find a direct description of that tenement in the conveyance.

*Larry Mayes Sales* demonstrates this point. In that case, Larry and Carolyn Mayes ("the Mayes") purchased a commercial lot from Larry Silver in 1992. Silver reserved an access easement across the lot and onto Highway 31, described as follows:

> The conveyance is Further SUBJECT TO, and GRANTOR FURTHER RESERVES AND RETAINS, for the use and benefit of Grantor (including the property owned by Grantor adjacent to the real estate herein conveyed) and the property conveyed to Linda Faye Caine described in the Deed recorded in Book 259, Page 466, in the Office of the Recorder of Johnson County, Indiana, a perpetual easement for access, ingress and egress described as follows:
>
> [legal description of easement omitted].

*Larry Mayes Sales*, 744 N.E.2d at 971 (omission in original). Silver later sold the lot adjacent to the Mayes' property, with the chain of title eventually resting with HSI, LLC ("HSI"). *Id.* The Mayes had built a fence blocking the path of the easement to HSI's property, and HSI filed a complaint seeking a declaratory judgment requiring the Mayes to remove the fence and grant access to the easement. *Id.* at 972.

The Mayes argued that "the property owned by Grantor adjacent to the real estate herein conveyed" did not sufficiently describe the dominant estate because extrinsic evidence was required to determine the dominant tenement's exact location. *Id.* at 973. This Court disagreed, finding that "the deed identifies that the easement is for the use and benefit of the property owned by the grantor (Silver) which is adjacent to the Mayes' property." *Id.* In other words, the deed provided a means by which the dominant tenement could be identified. We find the same to be true in this case.

As noted above, Kenneth and Harriett used the following language in the deed to Gary and Mary in order to set off this easement:

> Tracts A.B. and C are subject to the following described *Access Easement, which the Grantors herein reserve* . . . .

Appellant's App. p. 104 (emphasis added). This language is sufficient to tell us that the dominant tenement must be land to which *access is gained* via the easement and that such access *benefits the grantors* reserving such access. Where multiple parcels of land may fit such a description, this sparse language will likely be insufficient to identify a single dominant parcel, and an easement appurtenant will not, without more, be created. However, where, as here, we have (1) an easement across a parcel deeded by a grantor, (2) *leading directly to* a landlocked parcel retained by a grantor, and (3) extending access to *no other parcel of land*,[4] the

---

4. The Bennetts contend that the easement could be construed as providing access to either of three parcels of land: Kopetsky's, the Bennetts', or the Millers'. We find this assertion unpersuasive for two reasons. First, neither the Bennetts' land nor the Millers' is landlocked, both enjoying extensive frontage along New Harmony Road; the necessity for an access easement to either parcel is lacking. Second, we note that the ease-

ments granted in the deed from Kenneth and Harriett to Gary and Mary cross land actually owned by both the Bennetts (with reference to the easement at issue) and the Millers (with reference to the additional easement mentioned above). We cannot reconcile the concept of an access easement being created over land already part of the parcel allegedly being benefited by the easement.

description contained in this deed, though not artfully drafted, *see Chase v. Nelson,* 507 N.E.2d 640, 642 (Ind.Ct.App.1987), provides a means of identifying the dominant tenement benefited by the easement created. The dominant tenement under the 1972 Deed was that parcel of land retained by Kenneth and Harriett, now owned by Kopetsky.

Kenneth and Harriett's 1972 conveyance of tracts A, B, and C and their creation of an access easement across portions of those tracts were valid transactions. Kopetsky enjoys an easement appurtenant for access across the Bennetts' land.

Reversed.

SULLIVAN, J., and FRIEDLANDER, J., concur.