

FILED

Dec 27 2016, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEES |
|---|---|
| Roy A. Smith | Adam G. Forrest |
| Michigan City, Indiana | Boston Bever Klinge Cross & Chidester |
| | Richmond, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roy A. Smith, | December 27, 2016 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 33A04-1606-PL-1295 |
| v. | Appeal from the Henry Circuit Court. |
| Keith Butts, Jenny Gibson, Amber Berry, Misty Cecil, and Amie Williams, | The Honorable Kit C. Dean Crane, Judge. |
| *Appellees-Defendants.* | Cause No. 33C02-1504-PL-20 |

**Darden, Senior Judge**

## Statement of the Case

[1] Roy A. Smith appeals the trial court's denial of his motion for summary judgment and its grant of summary judgment in favor of Keith Butts, Jenny Gibson, Amber Berry, Misty Cecil, and Amie Williams ("the Officials"). We affirm in part, reverse in part, and remand.

# Issue

Smith raises the following issue, which we restate as: whether the trial court erred in granting the Officials' motion for summary judgment and in denying Smith's motion for summary judgment.

# Facts and Procedural History

Smith is an inmate in the Indiana Department of Correction ("the DOC") and, at all times relevant to this case, was imprisoned at the New Castle Correctional Facility in Henry County. The Officials worked at the New Castle Correctional Facility in various offices including the law library and the mail department.

In late 2014, Smith was engaged in pro se litigation in the United States Court of Appeals for the Seventh Circuit. Initially, Smith did not prevail and decided to seek discretionary review by writ of certiorari to the United States Supreme Court. On December 26, 2014, Smith gave the Officials his motion for extension of time to file a petition for writ of certiorari, expecting that the Officials would mail it to the Clerk of the United States Supreme Court prior to the January 6, 2015 filing deadline. A few days later, Smith gave the Officials his petition for writ of certiorari and related documents for mailing. On January 4, 2016, Smith gave the Officials a letter asking them to return the petition for writ of certiorari to him, explaining that he had discovered an error in the document that needed to be corrected. Subsequently, he gave the Officials his corrected petition for writ of certiorari to be mailed.

[5] On January 20, 2015, the Clerk of the United States Supreme Court sent Smith a letter indicating that his motion for enlargement of time was untimely because it had been due on or before January 6, 2015, but was postmarked January 8, 2015, and received by the clerk on January 16, 2015. As a result, his petition for writ of certiorari was untimely and would not be considered. Smith received the letter on February 17, 2015.

[6] On February 18, 2015, Smith submitted his first informal grievance, in which he alleged Amber Perry and Keith Butts failed to properly handle his legal mail, resulting in the untimely ending of his federal case. On February 20, 2015, Misty Cecil issued a written response denying the informal grievance. The document informed Smith he had ten days to file a formal grievance.

[7] On February 21, 2015, Smith filed his first formal grievance, claiming Perry, Butts, and Cecil failed to timely send out his legal mail, resulting in the termination of his case before the United States Supreme Court. On March 9, 2015, a grievance coordinator denied the first formal grievance, claiming Smith filed it too late, over twenty (20) days after the incident.

[8] Meanwhile, on February 21, 2015, Smith had submitted a second informal grievance.[1] Smith again alleged that Keith Butts and unnamed DOC employees in the mail room and the law library mishandled his legal mail, resulting in the

[1] It appears from the record that Smith filed a third informal grievance during this period of time, alleging inadequate access to writing materials. That informal grievance does not appear to be relevant to Smith's constitutional claims.

dismissal of his case in the United States Supreme Court. On February 24, 2015, the reviewing official denied his second informal grievance in writing. The document informed Smith that he had ten days to file a formal grievance.

[9] On February 24, 2015, Smith filed a second formal grievance on a form supplied by the DOC, repeating his allegation that DOC staff effectively ended his case in the United States Supreme Court by failing to timely mail his legal correspondence. On March 9, 2015, a grievance coordinator denied Smith's second formal grievance, stating: (1) Smith had filed his grievance too late, over twenty (20) days after the incident at issue; and (2) Smith should have consulted with law library staff to see if he could seek relief under the "mailbox rule." Appellees' App. p. 25.

[10] On June 8, 2015, Smith filed suit against the Officials pursuant to 42 United States Code section 1983, claiming they had deprived him of his rights under the First and Fourteenth Amendments to the Constitution of the United States. Specifically, he claimed they unfairly prevented him from pursuing litigation in federal court. The Officials filed an answer alleging, among other affirmative defenses, that Smith failed to exhaust his administrative remedies prior to filing suit.

[11] The parties filed cross-motions for summary judgment. The trial court denied Smith's motion for summary judgment and granted the Officials' motion for summary judgment. The court determined Smith had failed to exhaust his administrative remedies prior to filing suit, and, as a result, the court lacked

subject matter jurisdiction to address Smith's constitutional claims. This appeal followed.

## Discussion and Decision

[12] Smith claims the trial court erred in granting the Officials' motion for summary judgment and in denying his motion for summary judgment, arguing that he proved he exhausted his administrative remedies. In response, the Officials assert that his formal grievances were untimely and, further, that he caused the untimely mailing of the motion by asking the Officials to return his legal documents to him rather than mailing them to the United States Supreme Court.

[13] The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of law. *Lamb v. Mid-Am. Serv. Co.*, 19 N.E.3d 792, 793 (Ind. Ct. App. 2014). A party requesting summary judgment must affirmatively negate an opponent's claim by demonstrating that the designated evidence raises no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Rusnak v. Brent Wagner Architects*, 55 N.E.3d 834, 839-40 (Ind. Ct. App. 2016), *trans. denied*. If the moving party succeeds in carrying its burden, the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact in order to preclude summary judgment. *Id.* at 840.

[14] Our standard of review is identical to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Lamb*, 19 N.E.3d at 793; *see also* Ind. Trial Rule 56(C). On appellate review, all facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Lamb*, 19 N.E.3d at 794. We are limited to considering only those materials specifically designated to the trial court. *Id.* at 793-94. Our standard of review does not change when the parties have filed cross-motions for summary judgment. *Turner v. Boy Scouts of Am.*, 856 N.E.2d 106, 111 (Ind. Ct. App. 2006). In that circumstance, we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

[15] We begin with the trial court's grant of summary judgment to the Officials. The trial court erred by concluding that it was deprived of subject matter jurisdiction by Smith's alleged failure to exhaust administrative remedies. Failure to exhaust administrative remedies is a procedural error and does not give rise to a jurisdictional defect. *Alkhalidi v. Ind. Dep't of Corr.*, 42 N.E.3d 562, 565 (Ind. Ct. App. 2015). As a result, the Henry County Circuit Court, which is a court of general jurisdiction, retained subject matter jurisdiction over Smith's constitutional claims regardless of any procedural error.

[16] In any event, a claim that a prisoner failed to exhaust administrative remedies prior to filing suit is an affirmative defense. *See id.* at 566. As a result, the Officials had the burden of establishing that Smith failed to exhaust administrative remedies. *Id.* If they submit evidence in support of such a claim

to establish the absence of a dispute of material fact, then the burden shifts under Indiana Trial Rule 56 to require Smith to demonstrate a genuine issue of material fact exists. *Jackson v. Wrigley*, 921 N.E.2d 508, 512 (Ind. Ct. App. 2010).

[17] When a prisoner intends to file a claim under 42 United States Code section 1983 in state or federal court regarding prison conditions, he or she must first exhaust all administrative remedies. *See Higgason v. Stogsdill*, 818 N.E.2d 486, 489 (Ind. Ct. App. 2004) (discussing the Prison Litigation Reform Act, which amended 42 U.S.C. § 1997e(a)), *trans. denied*. The benefits of exhaustion are realized when the prison grievance system is given a fair opportunity to consider the grievance after the grievant complies with all of the system's critical procedural rules. *Jackson*, 921 N.E.2d at 511.

[18] The Officials argue Smith failed to timely file his formal grievances. In support of their claim, they point to the Indiana Department of Correction's grievance policy, which states an offender must submit a formal grievance to prison staff no later than twenty (20) days after the date of the incident. The Officials further note that both of Smith's formal grievances list the "Date of Incident" as December 26, 2014, but he did not submit the grievances until February 2015, well after the twenty-day deadline. Appellees' App. pp. 39, 42.

[19] In response, Smith argues that, regardless of the dates he put on the forms, he was unaware of the Officials' alleged misconduct until February 17, 2015, when he received the letter from the Clerk of the United States Supreme Court

informing him that the Officials had untimely mailed his motion for extension of time. He further claims he could not have been made aware of the problem any earlier, and he filed the grievances as soon as he was able after realizing what had happened.

[20] Smith's two formal grievances clearly informed DOC staff of the nature of his complaint, specifically that alleged malfeasance by the Officials resulted in his motion for extension of time being mailed late in January 2015, thereby ending his case. He filed both grievances within twenty days of February 17, 2015. Furthermore, the Officials have not pointed to any evidence that Smith knew or should have known of the mailing problem prior to receiving the clerk's letter on February 17, 2015. Finally, the DOC's grievance policy allows for a delay in submitting a formal grievance if the offender states good cause for the delay on the form.[2] Smith's formal grievances referenced the end of his federal case, which he did not discover until well after he had submitted his motion to the Officials on December 26, 2014. Appellees' App. p. 33. Viewing the facts in the light most favorable to Smith, the nonmovant, we conclude Smith has demonstrated disputes of material fact as to whether he complied with the procedural rules governing the grievance process and gave prison officials a fair opportunity to address his complaints. *See Jackson*, 921 N.E.2d at 513 (summary judgment inappropriate where offender established dispute of

---

[2] The grievance policy also describes an administrative appellate review process that an offender may use if a formal grievance is denied. Neither party discusses the administrative appellate review process here, so we need not address it further.

material fact as to whether he timely complied with prison grievance procedure).

[21] The Officials state an alternative ground for affirming the trial court's grant of summary judgment. Specifically, they claim Smith caused the delay in the mailing of his motion for extension of time by asking employees to return his legal documents and that they did so in compliance with his request. In response, Smith points to the text of his January 4, 2015 letter, in which he requested the return of his "petition for writ of certiorari" but did not address any other documents, including his motion for extension of time. Appellees' App. p. 51. He thus argues his request was limited to his petition for writ of certiorari and should not have caused any delay in the mailing of his motion for extension of time. At a minimum, there are disputes of material fact as to the circumstances surrounding Smith's request for the return of his petition for writ of certiorari and why the Officials would still have in their possession on January 4, 2015, Smith's motion for extension of time, having received the same on December 26, 2014. The disputes must be resolved by the finder of fact. We must reverse the trial court's grant of summary judgment to the Officials.

[22] Finally, Smith argues the trial court should have granted his motion for summary judgment, claiming he established that the Officials violated his constitutional rights by mishandling his motion for extension of time. The trial court properly denied Smith's motion for the same reason the court should have denied the Officials' motion: viewing the facts in the light of the specifically

designated evidence, there are genuine issues of material fact as to whether Smith exhausted his administrative remedies and whether Smith caused prison officials to delay mailing his motion for extension of time. We thus affirm the trial court's denial of Smith's motion for summary judgment.

# Conclusion

[23] For the foregoing reasons, we affirm in part, reverse in part, and remand for further proceedings.

[24] Affirmed in part, reversed in part and remanded.

Baker, J., and Najam, J., concur.