# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 26 2017, 8:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Alex Beeman
Thomas M. Beeman
Beeman Law
Anderson, Indiana

ATTORNEY FOR APPELLEES

Kurt V. Laker
Doyle & Foutty, P.C.
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Betty J. Bynum, Timothy L. Bynum, and Juanita Maxwell, <br> *Appellants-Plaintiffs,* <br><br> v. <br><br> David Short, Veronica Short, and Robert Lockhart, <br> *Appellees-Defendants* | June 26, 2017 <br><br> Court of Appeals Case No. 48A02-1608-PL-1921 <br><br> Interlocutory Appeal from the Madison Circuit Court <br><br> The Honorable Angela Warner Sims, Special Judge <br><br> Trial Court Cause No. 48C01-1509-PL-113 |

**Crone, Judge.**

## Case Summary

Betty J. Bynum, Timothy L. Bynum, and Juanita Maxwell (collectively "Appellants") appeal an order granting summary judgment to David Short, Veronica Short, and Robert Lockhart (collectively "Appellees"), in which the trial court found as a matter of law that Appellees received a valid easement in a 2001 deed. Appellants argue that either the easement is invalid or the deed is ambiguous. We disagree and therefore affirm.

## Facts and Procedural History

The relevant facts are undisputed. Betty and her husband Herbert owned a twenty-acre tract. In 1979, via a warranty deed, they conveyed a five-acre parcel to their son John, as well as an easement for ingress and egress fifty feet wide (east-west) and 681.6 feet long (north-south) adjacent to the parcel's eastern boundary and extending past its northern and southern boundaries. *See* Appellants' App. at 90 (deed) ("Herbert Bynum and Betty Bynum, husband and wife … convey and warrant to John S. Bynum … the following REAL ESTATE in Madison County in the State of Indiana, To Wit: [legal description of five-acre parcel] AN EASEMENT FOR INGRESS AND EGRESS: [legal description of easement]"; *id.* at 94 (2001 survey of parcel, easement, and neighboring property). The deed describes both the parcel and the easement using metes and bounds. In 1995, John conveyed the parcel and the easement to his son Jason via a warranty deed that contains identical language describing the parcel and the easement. In 2001, Jason conveyed the parcel and the easement to the Shorts via a warranty deed that contains identical language

describing the parcel and the easement. The Shorts leased a portion of the parcel to Lockhart.

[3] In July 2015, Appellants filed a small claims complaint against Appellees for wrongful entry, trespass, and nuisance. The complaint alleged that Appellants were joint tenants with rights of survivorship in the "illegally conveyed easement[,]" that Appellees had attempted to use it "as an easement leading to [Appellees'] property, although they already have an ingress and egress to their property[,]" and that Appellees' "use had now morphed into intermittent obstruction of [Appellants'] access." *Id*. at 16. The case was transferred to the plenary docket. Appellants filed an amended complaint restating their claims and seeking to quiet title in the "disputed easement." *Id*. at 33.

[4] Appellees filed a motion for summary judgment as to the validity of what they characterized as an unambiguous and appurtenant easement. Appellants filed a response asserting that the easement was ambiguous and not appurtenant, i.e., an easement in gross. After a hearing, the trial court issued an order finding that Appellees "are entitled as a matter of law to a declaration that they received an express, valid, appurtenant easement in the 2001 Deed[,]" but reserving the issue of whether Appellees had overburdened the easement for

additional factfinding. Appealed Order at 14. This interlocutory appeal ensued.[1]

## Discussion and Decision

[5] "The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of law." *Smith v. Butts*, 66 N.E.3d 967, 970 (Ind. Ct. App. 2016).

> A party requesting summary judgment must affirmatively negate an opponent's claim by demonstrating that the designated evidence raises no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. If the moving party succeeds in carrying its burden, the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact in order to preclude summary judgment.

*Id.* (citation omitted). Our standard of review is the same as the trial court's: whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Id.* We review all facts and reasonable inferences drawn from those facts in favor of the nonmoving party. *Id.* A trial court's findings on summary judgment aid our review by giving insight into the rationale for its decision, but they are neither required nor binding, and they do not change our standard of review. *Milbank Ins. Co. v. Ind. Ins. Co.*, 56 N.E.3d 1222, 1229 n.6 (Ind. Ct. App. 2016). "Our review is de novo, and if the trial

---

[1] Appellants appeal from the summary judgment order, as well as from an order dissolving an injunction that prohibited Appellees from using the easement. Appellants specifically address only the former, as do we.

court's judgment can be sustained on any basis supported by the evidence, we will affirm." *Id*. The party that lost in the trial court bears the burden of persuading us that the trial court erred. *Morris v. Crain*, 71 N.E.3d 871, 879 (Ind. Ct. App. 2017).

Appellants make alternative arguments for reversal: (1) the easement is invalid because the deeds in Appellees' chain of title do not identify the dominant estate with reasonable certainty;[2] or (2) the deeds are ambiguous regarding whether the easement is appurtenant or in gross, and therefore a genuine issue of material fact remains on this issue.

## Section 1 – The deeds identify the dominant estate with reasonable certainty.

"Although Indiana law prefers that an instrument creating an express easement describe the dominant and servient tenements with reasonable certainty, an easement may be valid even though it does not use the particular terms 'dominant' and 'servient' in referring to the relevant estates." *Kopetsky v. Crews*, 838 N.E.2d 1118, 1125 (Ind. Ct. App. 2005). "[I]f we can identify the dominant tenement with reasonable certainty based upon the language of the deed, we are not required to find a direct description of that tenement in the conveyance." *Id*. at 1126 (emphasis omitted). The interpretation of a deed is a

---

[2] "The land benefiting from an easement is called the dominant estate; the land burdened by an easement is called the servient estate." BLACK'S LAW DICTIONARY (10th ed. 2014) (emphases omitted). Appellants generally assert that the deeds also "should have specifically set forth" the servient estates, but they make no specific argument in this regard. Appellants' Br. at 16. Consequently, we do not address this assertion.

pure question of law. *Rennaker v. Gleason*, 913 N.E.2d 723, 729 (Ind. Ct. App. 2009).

[8] Here, the trial court found that "[e]ach deed specifically grants a plot of land to the grantee, as well as an easement for ingress and egress to that property. This, by self-evident implication, makes the grantee the dominant tenant of whatever property the easement passes through." Appealed Order at 6. The court also found that "it would not make sense to interpret the deeds as making the grantee 'subject' to the easement [i.e., a servient tenant], since it does not run through their real estate." *Id*. at 7.[3] We agree with this reasoning and find Appellants' contrary argument unavailing.[4]

## Section 2 – The deeds unambiguously convey an appurtenant easement.

[9] In the alternative, Appellants argue that the deeds are ambiguous regarding whether the easement is appurtenant or in gross, i.e., "personal to the Bynums or their family[,]" and therefore a genuine issue of material fact remains on this issue. Appellants' Br. at 22. "The object of deed interpretation is to identify

[3] The 1979 and 1995 deeds contain no "subject to" language whatsoever. The 2001 deed states that the conveyance from Jason to the Shorts is "[s]ubject to all easements, restrictions, assessments," etc., Appellants' App. at 93, but it is undisputed that the easement at issue does not run through the Shorts' real estate.

[4] Appellants rely primarily on *Oakes v. Hattabaugh*, 631 N.E.2d 949 (Ind. Ct. App. 1994), *trans. denied*, which is factually distinguishable because the easement in that case was described in the deeds to the *servient* estate, which "failed to name any dominant tenement or specify that the easement was created in favor of any particular landowner." *Id*. at 951.

and implement the intent of the parties to the transaction as expressed in the plain language of the deed." *Kopetsky*, 838 N.E.2d at 1124 (citation omitted).

> Whenever possible, we apply the terms of the deed according to their clear and ordinary meaning. We presume that the parties intended for every part of a deed to have some meaning, and we favor a construction that reconciles and harmonizes the entire deed. Courts may resort to extrinsic evidence to ascertain the intent of the parties only where the language of the deed is ambiguous. A deed is ambiguous if it is susceptible to more than one interpretation and reasonably intelligent persons would honestly differ as to its meaning.

*Id*. (citations and quotation marks omitted). "Extrinsic evidence cannot be used to create an ambiguity." *Bar Plan Mut. Ins. Co. v. Likes Law Office, LLC*, 44 N.E.3d 1279, 1285 (Ind. Ct. App. 2015) (referring to contracts).

[10] "To be appurtenant, an easement must inhere in the land, concern the premises and be essentially necessary to its enjoyment." *Consol. Coal Co. v. Mutchman*, 565 N.E.2d 1074, 1083 (Ind. Ct. App. 1990), *trans. denied* (1991). "Appurtenant rights are those which benefit the owner of land in a way that cannot be separated from the land." *Id*. "An easement is appurtenant if it passes with the dominant tenement by conveyance or inheritance. An easement is in gross if it is a mere personal right which cannot be granted to another person or transmitted by descent." *Jeffers v. Toschlog*, 178 Ind. App. 603, 605, 383 N.E.2d 457, 458 (1978). "An easement will not be presumed to be in gross when it can be construed fairly to be appurtenant to the land." *Id*. at 606, 383 N.E.2d at 459.

[11] The trial court noted that "[t]he 1979 deed grants an easement for 'ingress and egress' to the property deeded to John Bynum[,]" which "indicates that the easement was intended to benefit a land possessor (John Bynum) in his use of the possessed land." Appealed Order at 11. The trial court further noted that although Appellants argued that "the easement was meant to stay in the Bynum family, … they [did] not contest the fact that John Bynum transferred the easement to his son Jason. This transfer alone contradicts the rule that easements in gross are personal, cannot be granted to another person, and cannot be transferred by descent." *Id*. The same can be said for Jason's conveyance of the easement to the Shorts. Quite simply, the deeds unambiguously convey an appurtenant easement to the successive grantees, and Appellants' designated evidence that Betty and her husband intended for the easement to remain in the family cannot be used to create an ambiguity or a genuine issue of material fact that would preclude summary judgment in Appellees' favor. Accordingly, we affirm the trial court.

[12] Affirmed.

Baker, J., and Barnes, J., concur.