**Tina Enlow BERGMAN, Appellant–
Respondent,**

v.

**KNOX COUNTY OFFICE OF FAMILY
AND CHILDREN, Appellee–
Petitioner.**

No. 42A01–0101–JV–18.

Court of Appeals of Indiana.

May 30, 2001.

subject of these proceedings, was born on March 3, 1997. S.E. has not lived with Mother since he was removed from her custody on May 13, 1997, by the Knox County Office of Family and Children (OFC). S.E. is the fourth of five children born to Mother. Mother's parental rights to two of S.E.'s older siblings were terminated in prior proceedings and she has no visitation rights with another of S.E.'s older siblings. S.E. was adjudicated a child in need of services (CHINS) on January 26, 1998. The CHINS determination was a result of physical abuse, the presence of an alleged child molester in the home and Mother's history of relationships with men who abuse her children. The child's biological father did not respond to notice of the hearing published in a newspaper and has never shown any interest in the child.

The trial court ordered Mother to comply with the provisions of the January 1998 dispositional decree, including participation in various OFC services. Mother was non-compliant with most of the provisions, and inconsistent in her participation in and cooperation with the various OFC services. Mother's failure to comply with the dispositional decree was due in part to her incarceration from July 9, 1998, to January 8, 2000.

On September 25, 2000, subsequent to several days of testimony, the trial court terminated Mother's parental rights. At the request of Mother, the trial court issued special findings of fact and conclusions of law. This appeal ensued.

Joe D. Black, Ramsey & Black, Vincennes, IN, Attorney for Appellant.

Robert D. Lewis, Lewis & Miller, Vincennes, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Tina Bergman ("Mother") appeals the termination of parental rights to her son, S.E. She states multiple issues on appeal, which we combine and restate as:

I.  Whether the trial court erred in the admission of litigation-oriented documents over Bergman's hearsay objections; and

II.  Whether the evidence is sufficient to support the trial court's ruling.

We affirm.

### Facts and Procedural History

The facts most favorable to the trial court's ruling reveal that S.E., who is the

## I.  Erroneous Admission of Documents

█ Mother contends that the trial court erred in the admission of litigation-oriented documents over her hearsay objections. However, in support of her argument, she offers only the incomplete

sentence: "If they are litigation-oriented documents *Palmer v. Hoffman,* 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943)." Appellant Brief at 22. Needless to say, Mother would need more than an incomplete statement to shore up her claim. Therefore, because Mother fails to present a cogent argument, we find the issue waived. *See Reyburn v. State,* 737 N.E.2d 1169, 1172 (Ind.Ct.App.2000).

## II. Sufficiency of the Evidence

■ Mother asserts that the evidence is insufficient to support the trial court's decision to terminate her parental rights to S.E.

■ We will not set aside the trial court's judgment terminating a parent-child relationship unless it is clearly erroneous. *Egly v. Blackford County DPW,* 592 N.E.2d 1232, 1234–35 (Ind.1992). In determining whether the evidence is sufficient to support the judgment terminating parental rights, this court neither reweighs the evidence nor judges the credibility of witnesses. *Id.* at 1235. We consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.*

Where the trial court has made special findings pursuant to a party's request, the reviewing court may affirm the judgment on any legal theory supported by the findings. *Tanton v. Grochow,* 707 N.E.2d 1010, 1012 (Ind.Ct.App.1999). However, our affirmance must be consistent with all of the trial court's findings of fact and reasonable inferences drawn therefrom. *Id.* The trial court's findings and judgment will be set aside only if they are clearly erroneous. *Doe v. Daviess County Div. of Children and Family Services,* 669 N.E.2d 192, 194 (Ind.Ct.App.1996). Findings of fact are clearly erroneous when the record lacks any evidence or reasonable infer-

ences to support them. *Crowley v. Crowley,* 708 N.E.2d 42, 54 (Ind.Ct.App.1999).

To effect involuntary termination of the parent-child relationship, the OFC must present clear and convincing evidence to establish the elements of Indiana Code section 31–35–2–4(b)(2), which states in pertinent part that:

(A) one (1) of the following exists:

(i) the child has been removed from the parent for at least six (6) months under a dispositional decree;

(ii) a court has entered a finding under IC 31–34–21–5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made; or

(iii) after July 1, 1999, the child has been removed from the parent and has been under the supervision of a county office of family and children for at least fifteen (15) months of the most recent twenty-two (22) months;

(B) there is a reasonable probability that:

(i) the conditions that resulted in the child's removal or the reasons for placement outside the parent's home will not be remedied; or

(ii) the continuation of the parent-child relationship poses a threat to the well-being of the child; and

(C) the termination is in the best interests of the child; and

(D) there is a satisfactory plan for the care and treatment of the child.

■ To determine whether there is a reasonable probability that the conditions that resulted in the removal of the child from the parent will not be remedied, the trial court must judge the parent's fitness for the care of her child as of the time of the termination hearing, taking into ac-

count any evidence of changed conditions. *Doe,* 669 N.E.2d at 194. The trial court must also evaluate the parent's pattern of conduct to determine whether there is a substantial probability of future neglect or deprivation. *Id.* When making its determination, the trial court can reasonably consider the services offered by the OFC to the parent and the parent's response to those services. *In re A.A.C.,* 682 N.E.2d 542, 544 (Ind.Ct.App.1997).

Mother asserts that the trial court erroneously disregarded evidence she presented to demonstrate she has changed her life to better accommodate S.E.'s needs. On the contrary, the trial court specifically considered and rejected the evidence she presented regarding the positive effect of recent changes in her life. In its finding number three, the trial court states:

> The mother has offered evidence that she has changed and that her life is different now. She has offered evidence that she now has a home, a husband, and a stable environment. However, these changes all occurred after the termination proceedings were filed, and were only recent in their nature. The mother's evidence of changed conditions is considered by this Court in light of the mother's parenting history, both of this child and her other children, and the probability of a repetition of that history. Without the presence of a calm, stress free, structured environment with clear expectations, the evidence fails to indicate that the mother can raise this child in a safe environment that is in his best interest.

R. at 83.

In addition, the trial court found that S.E. was removed from Mother for at least six months, pursuant to a dispositional decree effective January 26, 1998. Mother failed to comply with the requirements of the 1998 dispositional decree regarding S.E. Mother's parental rights have been terminated for two of her four other children and she has no right to visitation with a third. R. at 81–2. Moreover, as with S.E.'s case, Mother either refused or was unsuccessful in complying with court-ordered OFC services prior to the other two terminations.

While it is readily apparent that the trial court considered Mother's fitness for the care of S.E. at the time of the termination hearing, it is likewise clear that the trial court gave more weight to the abundant evidence regarding Mother's pattern of conduct in neglecting her children during the several years prior to the hearing. Further, the findings and conclusions carefully set forth each of the other elements of Indiana Code section 31–35–2–4 along with the pertinent evidence considered by the trial court in reaching its determination. Consequently, we find no abuse of the trial court's discretion and decline Mother's invitation to reweigh the evidence.

Affirmed.

BAILEY and BAKER, JJ., concur.