**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEVEN J. HALBERT**
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**PATRICK M. RHODES**
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF: D.W., Minor Child, | ) ) ) ) | |
| G.W., Father, | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 49A02-1304-JT-333 |
| INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) | |
| Appellee-Petitioner. | ) ) | |

FILED
Dec 19 2013, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn Moores, Judge
The Honorable Roseanne Ang, Magistrate
Cause No. 49D09-1210-JT-41458

**December 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

G.W. (Father) appeals the involuntarily termination of his parental rights to D.W. (Child). He argues the trial court's finding that he did not complete drug treatment services was not supported by the evidence. We affirm.

## FACTS AND PROCEDURAL HISTORY

Child was born on January 28, 2012, to Father and R.J. (Mother).[1] Child was taken into dustody by the Department of Child Services (DCS) just after being born because Mother and Child tested positive for cocaine. On March 15, Father and Mother admitted Child was a Child in Need of Services (CHINS). The juvenile court's dispositional order, issued on April 12, ordered Father to maintain suitable housing; obtain and maintain a legal source of income; refrain from illegal drug use or illegal drug possession; engage in home-based counseling; complete a parenting assessment and enroll in recommended services; complete a substance abuse assessment, "follow all treatments and successfully complete all treatment recommendations" (State's Ex. 5); submit to random drug screens; follow the terms of his criminal probation; and visit with Child.

Father completed an inpatient drug treatment program before he was ordered to do so, but he relapsed shortly afterward. Father's substance abuse assessment resulted in a recommendation to enroll in and complete an outpatient drug treatment. Father did not enroll in or complete the outpatient drug treatment program. Father did not visit with Child after April 2012. Father obtained housing in May 2012, but he was evicted because he spent his

---

[1] Mother does not appeal the involuntary termination of her parental rights and is not a party to this appeal.

rent money on crack cocaine. Father tested positive for crack cocaine several times during the CHINS proceedings.

From May to September 2012, Father was placed in a halfway house program as part of his sentence for bank fraud in 2010. Father left the halfway house with three months left on his sentence, and later surrendered to U.S. Marshals. He was placed in the Marion County jail for three months. Father was offered the option to serve his sentence for leaving the halfway house by completing three years probation, paying $4,000.00 in fees, completing regular drug screens, attending Narcotics Anonymous (NA) meetings, and obtaining housing. Instead, Father chose to serve eleven months in prison, and was transferred to a federal detention center in Kentucky in December 2012. Father was scheduled to be released from incarceration in August 2013.

On October 24, 2012, DCS filed a petition to involuntarily terminate parental rights to Child. After hearing evidence, the juvenile court issued an order terminating Father's rights.

## DISCUSSION AND DECISION

We review termination of parental rights with great deference. *In re K.S.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge credibility of witnesses. *In re D.D.,* 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied*. Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id.* In deference to the trial court's unique position to assess the evidence, we will set aside a judgment terminating a parent-child relationship only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

3

When, as here, a judgment contains specific findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Bester v. Lake Cnty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). We determine first whether the evidence supports the findings and second whether the findings support the judgment. *Id*. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). If the evidence and inferences support the trial court's decision, we must affirm. *In re L.S.*, 717 N.E.2d at 208.

"The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. A trial court must subordinate the interests of the parents to those of the child, however, when evaluating the circumstances surrounding a termination. *In re K.S.*, 750 N.E.2d at 837. The right to raise one's own child should not be terminated solely because there is a better home available for the child, *id*., but parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities. *Id*. at 836.

To terminate a parent-child relationship in Indiana, the State is required to allege and prove:

> (A) that one (1) of the following is true:
> (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
> (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
> (iii) The child has been removed from the parent and has been under the

4

supervision of a county office of family and children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;

(B) that one (1) of the following is true:

(i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

(ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

(iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C) that termination is in the best interests of the child; and

(D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). The State must prove these allegations by clear and convincing evidence. *In re G.Y.*, 904 N.E.2d 1257, 1260-61 (Ind. 2009), *reh'g denied*. If the court finds the allegations in the petition are true, it must terminate the parent-child relationship. Ind. Code § 31-35-2-8.

Father challenges the sufficiency of the evidence supporting the trial court's findings under Ind. Code § 31-35-2-4(b)(2)(B)(i), which requires DCS to prove the conditions under which the child was removed would not be remedied. In making such a determination, a juvenile court must judge a parent's fitness to care for his or her child at the time of the termination hearing, taking into consideration evidence of changed conditions. *In re J.T.*, 742 N.E.2d 509, 512 (Ind. Ct. App. 2001), *trans. denied*. It must evaluate the parent's habitual patterns of conduct to determine whether there is a substantial probability of future neglect or deprivation. *Id.* Pursuant to this rule, courts have properly considered evidence of a parent's prior criminal history, drug and alcohol abuse, history of neglect, failure to provide

5

support, and lack of adequate housing and employment. *A.F. v. Marion Cnty. Office of Family & Children*, 762 N.E.2d 1244, 1251 (Ind. Ct. App. 2002), *trans. denied*. The juvenile court may also properly consider, as evidence of whether conditions will be remedied, the services offered to the parent by DCS and the parent's response to those services. *Id*. A juvenile court need not wait until a child is irreversibly influenced by a deficient lifestyle such that his or her physical, mental, and social growth are permanently impaired before terminating the parent-child relationship. *In re E.S.*, 762 N.E.2d 1287, 1290 (Ind. Ct. App. 2002).

Father challenges the findings regarding his participation in substance abuse treatment programs and his ability to procure stable housing on his release from prison:

9. Subsequent to his discharge from inpatient drug treatment in mid-March of 2012, [Father] submitted to a drug and alcohol assessment with Laura Kolbus, chemical dependency assessor with Families First. Based on [Father's] disclosures of using $50 to $100 worth of crack cocaine three to four times per week, using illicit substances for 34 years and trying to quit in the past without being able to maintain long-term sobriety, Ms. Kolbus recommended that [Father] participate in a four-month IOP program. [Father] failed to follow the recommendations of this assessment and has not engaged in additional drug treatment. [Father's] last use of illegal substances occurred in October of 2012.

\* \* \*

17. [Family Case Manager] Burroughs believes that adoption is in [Child's] best interest as her parents have not changed the circumstances that led to the filing of [Child's] CHINS matter. Neither parent has received treatment for their long-term use of illicit substances or obtained stable housing. . . .

18. The children's [sic] guardian ad litem, Alane Singleton, believes that adoption is in [Child's] best interest as her parents have not addressed their drug issues, have not seen [Child] in nearly one year and have no relationship with her. . . .

\* \* \*

6

20. There is a reasonable probability that the conditions that resulted in the removal of [Child] or the reasons for continued placement outside the home of her parents, [Mother] and [Father], will not be remedied. [Mother] and [Father] have been offered drug treatment services by the Indiana Department of Child Services under two separate causes of action and each individual continues to use illicit substances. [Finding about Mother]. [Father] has an extensive history of drug usage, has failed to participate in drug treatment to address his continued use of illicit substances, is currently incarcerated and has ceased any attempt at contact with the [C]hild.

(App. at 19-20.)

Father argues the juvenile court's findings regarding his participation in substance abuse treatment programs and his ability to secure stable housing are not supported by the evidence. During the evidentiary hearing, Father testified he successfully completed an inpatient substance abuse treatment program before he was ordered to do so by DCS, he participated in Alcoholics Anonymous and Narcotics Anonymous meetings prior to his incarceration, and he was in the process of completing a twelve-step substance abuse treatment program in prison. He also testified he had secured living arrangements with his older brother once he was released from incarceration, he received income from Social Security, and he would obtain employment once his health improved.

The trial court noted Father completed a drug treatment program, but there was evidence he relapsed thereafter. DCS presented evidence Father was ordered to attend a specific treatment program, and he did not. At the time of the termination hearing, Father was incarcerated with a possible release date of August 2013. He testified he would be living with a family member, but presented no other evidence confirming that arrangement and the

7

suitability thereof. The trial court is obliged to judge the credibility of the witnesses before it and base its decision on its assessment thereof, but it need not view the evidence in the same way a party requests. *See Bergman v. Knox Cnty. Office of Family and Children*, 750 N.E.2d 809, 812 (Ind. Ct. App. 2001) (juvenile court is not required to give the same weight to certain testimony as the parent may desire). Father's arguments are invitations for us to reweigh the evidence, which we cannot do. *See In re D.D.*, 804 N.E.2d at 265 (appellate court cannot reweigh evidence or judge credibility of witnesses). Accordingly, we affirm the involuntary termination of Father's parental rights to Child.

Affirmed.

RILEY, J., and VAIDIK, J., concur.